IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00739-SBP

KARAM AKHRAS, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

SSR MINING INC.,
RODNEY P. ANTAL, and
ALISON WHITE,

    Defendants.

Civil Action No. 1:24-cv-00808-SBP

ERIC LINDEMANN, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

SSR MINING INC.,
RODNEY P. ANTAL,
ALISON WHITE,
STEWART J. BECKMAN,
WILLIAM NEVIN, and
F. EDWARD FARID,

    Defendants.

**PROPOSED LEAD PLAINTIFF HALDUN CETINBAY AND JEFFREY C. WILLIAMS' MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

4856-4104-5183.v1

Haldun Cetinbay and Jeffrey C. Williams hereby move the Court for an order: (1) consolidating the related actions; (2) appointing Messrs. Cetinbay and Williams as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B); and (3) approving Messrs. Cetinbay and Williams' selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.

### D.C.COLO.LCivR 7.1 CERTIFICATION

D.C.COLO.LCivR 7.1(a) requires counsel for a moving party to meet and confer with any opposing counsel or unrepresented party to resolve any disputed matter. Pursuant to the PSLRA, however, any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as lead plaintiff by the statutory deadline on May 17, 2024. *See* 15 U.S.C. §78u-4(a)(3)(B)(i). As such, Messrs. Cetinbay and Williams cannot ascertain whether any other putative class members will also seek appointment as lead plaintiff until after the deadline expires on May 17, 2024. Accordingly, Messrs. Cetinbay and Williams' counsel respectfully request that compliance with the meet and confer requirements of Local Rule 7.1(a) be waived due to the fact that Messrs. Cetinbay and Williams cannot confer with unknown movants.

### I. INTRODUCTION

Presently pending before this Court are two related securities class action lawsuits brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") against SSR Mining Inc. and certain of SSR Mining's top current and former executives: (1) *Akhras v. SSR Mining Inc.*, No. 1:24-cv-00739 (D. Colo.); and (2) *Lindemann v. SSR Mining Inc.*, No. 1:24-cv-00808 (D. Colo.) (collectively, the "Related Actions"). Pursuant to the PSLRA, the Court must

decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar legal and factual issues.

Additionally, the PSLRA states that the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Messrs. Cetinbay and Williams respectfully submit that they are the presumptively most adequate plaintiff in this case because they filed a timely motion in response to a notice, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Messrs. Cetinbay and Williams' selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     FACTUAL BACKGROUND

SSR Mining is engaged in the operation, acquisition, exploration, and development of precious metal resource properties. SSR Mining stock trades on the NASDAQ under the symbol SSRM.

The complaints allege that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) defendants materially overstated SSR Mining's commitment to safety and the efficacy of its safety measures; (ii) SSR Mining engaged in unsafe mining practices which were reasonably likely to result in a mining disaster; and (iii) as a

result, defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all times.

On February 13, 2024, SSR Mining announced it would suspend operations at its Copler mine in Turkey "as a result of a large slip on the heap leach pad." *Akhras* Action, ECF 1 at ¶59; *Lindemann* Action, ECF 1 at ¶45. On the same day, *Reuters* published an article titled "SSR Mining halts gold production in Turkey after landslide, shares tank," which further stated that "SSR Mining on Tuesday suspended production at a mine in eastern Turkey after a landslide, which left at least nine miners missing." *Akhras* Action, ECF 1 at ¶60. On this news, the price of SSR Mining stock fell nearly 54%.

Then, on February 18, 2024, SSR Mining disclosed that it "acknowledge[s] that several of our team members are facing charges in relation to the recent incident." *Akhras* Action, ECF 1 at ¶70. On this news, the price of SSR Mining stock fell more than 8% over two trading sessions.

Thereafter, on February 27, 2024, SSR Mining's Executive Chairman of the Board of Directors, defendant Rodney P. Antal stated that "[s]ix personnel are being detained and are facing charges in relation to the incident and we're ensuring they receive the necessary support while respecting the Turkish legal process." *Akhras* Action, ECF 1 at ¶73. Defendant Antal further disclosed that "the Copler incident will have an impact on our financial results in 2024," the complaint further alleges. *Id.* at ¶74. On this news, the price of SSR Mining stock fell nearly 8%.

As a result of defendants' alleged wrongful acts and omissions and the decline in the value of SSR Mining securities, Messrs. Cetinbay and Williams have suffered significant losses and damages.

**III.     ARGUMENT**

    **A.     The Related Actions Should Be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii); *see also Barnwell v. Advanced Emissions Sols., Inc.*, 2015 WL 13612170, at *1 (D. Colo. Feb. 19, 2015) (addressing consolidation before lead plaintiff). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a).

Here, the Related Actions are well-suited for consolidation. Each action alleges a substantially similar unlawful and/or fraudulent scheme relating to similar parties and events. Each action asserts that defendants made materially false and misleading statements and omissions concerning SSR Mining's commitment to safety. And, because the Related Actions are based on similar facts and involve the same subject matter, the same discovery will be relevant to all actions. Thus, "[c]onsolidating the actions will enhance fairness and judicial economy." *Barnwell*, 2015 WL 13612170, at *1.

    **A.     Messrs. Cetinbay and Williams Satisfy the PSLRA's Requirements and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff "in each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely-circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-

- 4 -

4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  Messrs. Cetinbay and Williams meet each of these requirements and should therefore be appointed Lead Plaintiff.

### 1. Messrs. Cetinbay and Williams' Motion Is Timely

On March 18, 2024, notice was published on *Business Wire* advising class members of the pendency of the first-filed *Akhras* action, the claims asserted, the proposed class definition, and the right to move the Court to be appointed as lead plaintiff no later than 60 days from the date of the notice, which falls on May 17, 2024.  *See* Declaration of Danielle S. Myers in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Myers Decl."), Ex. 1.  Because this Motion is being filed by May 17, 2024, it is timely and Messrs. Cetinbay and Williams are entitled to be considered for appointment as lead plaintiff.

### 2. Messrs. Cetinbay and Williams Have the Largest Financial Interest in the Relief Sought by the Class

As indicated in their Certifications, Messrs. Cetinbay and Williams purchased 38,426 shares and option contracts of SSR Mining securities during the Class Period and suffered more than $167,343 in losses as a result of defendants' alleged wrongdoing.  *See* Myers Decl., Exs. 2-3.  To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest.

Therefore, Messrs. Cetinbay and Williams satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. Messrs. Cetinbay and Williams Are Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "'As for the requirement that the lead plaintiff otherwise satisfy the requirements of Rule 23, only two of the four requirements of Rule 23(a) – typicality and adequacy – impact the analysis of the lead plaintiff issue.'" *Assad v. DigitalGlobe, Inc.*, 2017 WL 3575229, at *3 (D. Colo. Aug. 17, 2017) (citation omitted). "'Typicality exists where the injury and the conduct are sufficiently similar,' and the PSLRA 'directs courts to limit their inquiry regarding adequacy to the existence of any conflicts between the interests of the proposed lead plaintiffs and the members of the class.'" *Id.* (citation omitted). Messrs. Cetinbay and Williams satisfy these requirements.

Messrs. Cetinbay and Williams' claims are typical of the proposed class because their claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members. In other words, like all other class members, they: (1) purchased SSR Mining securities during the Class Period; (2) were adversely affected by the alleged wrongdoing; and (3) suffered damages thereby.

As to adequacy, Messrs. Cetinbay and Williams' substantial stake in the outcome of the case indicates that they have requisite incentive to vigorously represent the class's claims. Messrs. Cetinbay and Williams' interests are aligned with the interests of the putative class. Further, Messrs. Cetinbay and Williams have amply demonstrated their adequacy by submitting a Joint Declaration affirming their ability, willingness, and plan to jointly prosecute this case on behalf of the putative

- 6 -

class. *See* Myers Decl., Ex. 4. The Joint Declaration – which sets forth Messrs. Cetinbay and Williams' residences, professional backgrounds, investment experience, and other qualifications – establishes their *prima facie* adequacy showing and enables the Court and absent class members to independently assess Messrs. Cetinbay and Williams' ability to satisfy Rule 23's prerequisites.

As such, Messrs. Cetinbay and Williams satisfy the Rule 23 requirements for the purposes of this Motion.

**B.     The Court Should Approve Messrs. Cetinbay and Williams' Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See Barnwell*, 2015 WL 13612170, at *3 (approving lead plaintiff's selection of lead counsel where counsel was "'qualified, experienced, and able to vigorously conduct the proposed litigation'"); *In re Cavanaugh*, 306 F.3d 726, 732-33 (9th Cir. 2002); *In re Cohen*, 586 F.3d 703 (9th Cir. 2009). Messrs. Cetinbay and Williams have selected Robbins Geller to serve as lead counsel for the class.

Robbins Geller, a 200-attorney nationwide law firm, regularly practices complex securities litigation.[1] The firm's securities practice group includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including within this District, have noted Robbins Geller's reputation for excellence, which has resulted in the

---

[1]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. A hard copy of the firm's resume is available upon the Court's request, if preferred.

- 7 -

appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Cupat v. Palantir Technologies Inc.*, No. 1:22-cv-02384-CNS-SKC, ECF 34 (D. Colo. Dec. 6, 2022) (appointing Robbins Geller lead counsel in securities case).

In the last four years alone, Robbins Geller recovered more than $5.3 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.), $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), $809.5 million in *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in this Court and Circuit (*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery for the class is the largest securities class action recovery in Colorado and the Tenth Circuit)) as well as in the Fifth, Sixth, Seventh, Eighth, and Eleventh Circuits.[2] And, while trials in shareholder class actions are rare, Robbins Geller has tried nine cases, including a February 2019 trial in the Central District of California in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

---

[2]  *See, e.g.*, *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) (represented lead plaintiff CalPERS in obtaining $925 million recovery which is the largest securities class action recovery in the Eighth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

Accordingly, Messrs. Cetinbay and Williams' selection of counsel should be approved.

## IV.   CONCLUSION

The Related Actions should be consolidated because they share overlapping questions of law and fact. In addition, Messrs. Cetinbay and Williams have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Messrs. Cetinbay and Williams respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Lead Counsel.

DATED:  May 17, 2024                Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY


           s/ Danielle S. Myers
        DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

JOHNSON FISTEL, LLP
JEFFREY A. BERENS
2373 Central Park Boulevard, Suite 100
Denver, CO 80238-2300
Telephone: 303/861-1764
303/861-1764 (fax)
jeffb@johnsonfistel.com

Local Counsel

- 9 -