# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00739-SBP

KARAM AKHRAS, Individually and on behalf of all others similarly situated,

 Plaintiff,

 v.

SSR MINING, INC., RODNEY P. ANTAL,
and ALISON WHITE,

 Defendants.

---

Civil Action No. 1:24-cv-00808-SBP

ERIC LINDEMANN, Individually and on Behalf of All Others Similarly Situated,

 Plaintiff,

 v.

SSR MINING, INC., RODNEY P.
ANTAL, ALISON WHITE,
STEWART J. BECKMAN,
WILLIAM NEVIN, and F.
EDWARD FARID,

 Defendants.

---

## MOTION OF STEPHEN GILLIG FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................... 1

II. STATEMENT OF FACTS ....................................................................................... 3

III. PROCEDURAL HISTORY...................................................................................... 5

IV. ARGUMENT ........................................................................................................... 5

    A. The Actions Should Be Consolidated ............................................................... 5

    B. The Court Should Appoint Movant Lead Plaintiff ............................................ 6

        1. The Procedure Required by the PSLRA .................................................... 6

            a. Movant is Willing to Serve as a Class Representative ......................... 7

            b. Movant has the Requisite Financial Interest in the Relief Sought by the Class ..... 8

        2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ........................................................................................... 9

            a. Movant's Claims are Typical of the Claims of all the Class Members ................ 10

            b. Movant Will Adequately Represent the Class ....................................... 11

    C. Movant's Choice of Counsel Should Be Approved.......................................... 12

V. CONCLUSION...................................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Cooke v. Equal Energy Ltd.*,
C.A. No.14-cv-0087-C, 2014 WL 3819159 (W.D. Okla. May 8, 2014) ............................ 9, 10

*Dura Pharm., Inc. v. Broudo*,
544 U.S. 336 (2005) ...................................................................................................... 2

*Friedman v. Quest Energy Ptnrs. LP,*
261 F.R.D. 607 (W.D. Okla. 2009) ................................................................................ 6, 8

*Gen. Tel. Co. v. Falcon*,
457 U.S. 147 (1982) ...................................................................................................... 10

*Gurevitch v. KeyCorp, et al.*,
No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ............................................................ 13

*Hufnagle v. Rino Int'l Corp.*,
No. CV 10-8695-VBF(VBKx), 2011 WL 710704 (C.D. Cal. Feb. 14, 2011).......................... 6

*In re Drexel Burnham Lambert Group*,
960 F.2d 285 (2d Cir. 1992)............................................................................................ 11

*In re E-Trade Financial Corp.* Securuties Litigation,
No. 07-cv-8538 (S.D.N.Y.)............................................................................................. 13

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ...................................................................................... 10

*In re Party City Secs. Litig.*,
189 F.R.D. 91 (D.N.J. 1999)............................................................................................ 9

*In re Razorfish, Inc. Secs. Litig.*,
143 F. Supp. 2d 304 (S.D.N.Y. 2001)............................................................................... 2

*In re Tesla Inc. Securities Litigation,*
No. 3:18-cv-4865 (N.D. Cal.) ....................................................................................... 13

*In re U.S. Steel Securities Litigation,*
No. 2:17-579-CB (W.D. Pa.) ........................................................................................ 13

*Jaramillo v. Dish Network Corporation, et al.*,
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023) ............................................................... 13

*Lane v. Page*,
    250 F.R.D. 634 (D.N.M. 2007) ........................................................................................ 2

*Martin v. BioXcel Therapeutics, Inc. et al.,*
    No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) .......................................................... 13

*Medina v. Clovis Oncology*, Inc.,
    Case No. 15-cv-2546-RM- MEH, 2016 WL 660133 (D. Colo. Feb. 18, 2016) ....................... 6

*Petersen v. Stem, Inc. et. al.,*
    No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) .......................................................... 13

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*,
    No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) .......................................................... 13

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993) .......................................................................................... 10

*Schulman v. Lumenis, Ltd.,*
    No. 02 Civ. 1989 (DAB), 2003 WL 21415287 (S.D.N.Y June 18, 2003) ................................ 9

*Smith v. Suprema Specialties, Inc.*,
    206 F. Supp. 2d 627 (D.N.J. 2002) ................................................................................ 2

*Solomon v. Peloton Interactive, Inc. et al.,*
    No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) .......................................................... 13

*Thant v. Rain Oncology Inc. et al.*,
    5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) .............................................................. 13

*Thant v. Veru, Inc. et al.,*
    No. 1:22-cv-23960 (S.D. Fla. July 27, 2023) .......................................................... 13

*Villanueva v. Proterra Inc. et al.,*
    No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) .......................................................... 13

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
    216 F.R.D. 248 (S.D.N.Y. 2003) ................................................................................ 9

*Weiss v. York Hosp.*,
    745 F.2d 786 (3d Cir. 1984) ................................................................................ 10, 11

*Weltz v. Lee,*
    199 F.R.D. 129 (S.D.N.Y. 2001) .......................................................................... 9, 10

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

Fed. R. Civ. P. 42(a) ................................................................................................................ 6

## I.    INTRODUCTION

Stephen Gillig ("Movant"), by and through his counsel, will and hereby does move this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order (attached hereto): (i) consolidating the above-captioned actions (the "Actions"); (ii) appointing Movant as Lead Plaintiff on behalf of persons or entities who purchased or otherwise acquired publicly traded SSR Mining Inc. ("SSR Mining" or the "Company") securities between February 23, 2022 and February 27, 2024, inclusive (the "Class Period"), pursuant to 15 U.S.C. § 78u-4(a)(3)(B); (iii) approving Movant's selection of counsel Levi & Korsinsky, LLP ("Levi & Korsinsky"); and (iv) granting such other and further relief as the Court may deem just and proper.[1]

Presently pending before the Court are the above-captioned Actions brought on behalf of all persons and entities that purchased or otherwise acquired SSR Mining securities during the Class Period. Plaintiffs in the Actions allege violations of the Exchange Act against Defendants SSR Mining, Rodney P. Antal ("Antal"), Alison White ("White"), Stewart J. Beckman ("Beckman"), William Nevin ("Nevin"), and F. Edward Farid ("Farid") (collectively,

---

[1] This Motion is filed pursuant to Section 21D of the Exchange Act, as amended by the PSLRA, which provides that within 60 days after publication of the required notice, any member of the proposed class may move the Court to be appointed Lead Plaintiff, whether or not they have previously filed a complaint in the underlying action. Consequently, Movant's counsel has no way of knowing who the competing lead plaintiff movants are at this time. As a result, counsel for Movant respectfully requests that the duty to confer requirement in Rule 7.1(a) of the Local Rules be waived for this Motion.

"Defendants").[2]

The PSLRA provides for the Court to appoint as lead plaintiff the movant or movants that have the largest financial interest in the litigation who has also made a *prima facie* showing that they are an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See Lane v. Page*, 250 F.R.D. 634, 640 (D.N.M. 2007); *In re Razorfish, Inc. Secs. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); *see also Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002). Movant satisfies both requirements.

Movant lost approximately $133,911.26 under a straight last-in-first-out "LIFO" analysis, and $116,615.20 in losses recoverable pursuant to *Dura Pharm., Inc. v. Broudo,* 544 U.S. 336, 338 (2005). As such, Movant is the presumptive lead plaintiff under the PSLRA.[3] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class. As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

---

[2] Specifically, Plaintiffs in the Actions allege that Defendants violated Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

[3] Movant's certification identifying his transactions in SSR Mining, as required by the PSLRA, as well as a chart identifying his losses are attached to the declaration of Adam M. Apton ("Apton Decl."), dated May 17, 2024 as Exhibits 1 and 2, respectively.

## II.    STATEMENT OF FACTS[4]

SSR Mining purports to be a "precious metals mining company with four producing assets located in the United States, Türkiye ["Turkey"], Canada and Argentina. ¶ 7. The Company is engaged in the operation, acquisition, exploration and development of precious metal resource properties, producing gold doré as well as silver and lead and zinc concentrates. *Id.* SSR Mining's diversified asset portfolio is comprised of high-margin, long-life assets located in some of the world's most prolific metal districts." *Id.*

After market hours on February 22, 2022, SSR Mining filed with the SEC its Annual Report on Form 10-K for the year ended December 31, 2021 (the "2021 Annual Report"). ¶ 17. Attached to the 2021 Annual Report were certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") signed by Defendants Antal and White attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud. *Id.*

The statements contained in ¶¶ 18, 20, 22, 24, 26, 28, 30, 33, 35, 38, 40, 42, 44, 46, 48, 50, 52, 54, and 56 of the *Akhras* Complaint were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. ¶ 58. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Defendants materially overstated SSR Mining's commitment to safety and the

---

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Akhras* Complaint") filed in the action entitled *Akhras v. SSR Mining Inc., et al.*, Case No. 1:24-cv-00739-SBP (the "*Akhras* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Akhras* Complaint. The facts set forth in the *Akhras* Complaint is incorporated herein by reference.

efficacy of its safety measures; (2) SSR Mining engaged in unsafe mining practices which were reasonably likely to result in a mining disaster; and (3) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all times. *Id.*

On February 13, 2024, Reuters released an article entitled "SSR Mining halts gold production in Turkey after landslide, shares tank." ¶ 60. This article stated that "Gold miner SSR Mining on Tuesday suspended production at a mine in eastern Turkey *after a landslide, which left at least nine miners missing*[.]" (Emphasis added). *Id.* Further, it stated that "[t]he mine in Erzincan province is operated by Anagold Madencilik and owned by Turkey-based Calik Holding and Denver, Colorado-based SSR Mining." *Id.*

As the market digested this news, the price of SSR Mining stock plummeted 53.7%, or $5.22 per share, to close on February 13, 2024 at $4.50, on unusually heavy trading volume, damaging investors. ¶ 64.

Then, after market hours on February 16, 2024, Reuters released an article entitled "SSR Mining says eight employees detained after Turkey mine landslide." ¶ 65. Then, on February 17, 2024, Mining.com published an article entitled "Turkey cancels SSR gold environmental permits after accident." ¶ 66. Then, on Sunday, February 18, 2024, Sky News released an article entitled "Gold mine boss detained as search continues for missing miners trapped after huge landslide in Turkey." ¶ 67.

Also on February 18, 2024, the Company issued a press release in which it provided an update on the incident at Copler. ¶ 70. SSR Mining, in pertinent part, did not contest that criminal charges filed against six Company employees were filed on legitimate grounds. *Id.*

4

In response to this news, the price of SSR Mining stock dropped by $0.29 per share, or 5.90%, to close on February 20, 2024 at $4.62 per share. ¶ 71. The next day, it fell a further $0.11, or 2.38%, to close on February 21, 2024 at $4.51. *Id.*

Then, after market hours on February 27, 2024, Defendants conducted their earnings call for the Fourth Quarter of 2023. ¶ 72. On this call, Defendant Antal stated that "[s]ix personnel are being detained and are facing charges in relation to the incident and we're ensuring they receive the necessary support while respecting the Turkish legal process". ¶ 73. In pertinent part, Defendant Antal did not contest that the charges were filed on legitimate grounds. *Id.*

As the market reacted to this news, the price of SSR Mining stock declined by 7.93%, or $0.37 per share, to close on February 28, 2024 at $4.29. ¶ 75.

## III.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Akhras* Action against the Defendants. Plaintiff Karam Akhras ("Akhras") commenced the first-filed action on March 18, 2024. On that same day, counsel acting on Akhras' behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Apton Decl., Ex. 3 ("Press Release").

On March 22, 2024, a substantially similar action was filed against SSR Mining in this Court, entitled *Lindemann v. SSR Mining Inc., et al.,* Case No. 1:24-cv-00808-SBP (the "*Lindemann* Action"). Movant has requested consolidation of the *Akhras* and *Lindemann* Actions.

## IV.    ARGUMENT

### A. <u>The Actions Should Be Consolidated</u>

Pursuant to the PSLRA, the Court should first rule on motions to consolidate before

appointing a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a). The Actions pending before this Court are well-suited for consolidation. The Actions are brought on behalf of purchasers of SSR Mining securities, allege similar class periods, and contain nearly identical allegations charging Defendants with making false and misleading statements.

"Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money." *Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBF (VBKx), 2011 WL 710704, at *2 (C.D. Cal. Feb. 14, 2011). Although the Actions are not identical, their common factual and legal bases, similar class periods, nearly identical legal claims, and common Defendants, warrant consolidation. *See Medina v. Clovis Oncology, Inc.*, Case No. 15-cv-2546-RM- MEH, 2016 WL 660133, at *2 (D. Colo. Feb. 18, 2016).

### B. The Court Should Appoint Movant Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

Once the Court decides the issue of consolidation, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a). *See Friedman v. Quest Energy Ptnrs. LP,* 261 F.R.D. 607, 609 (W.D. Okla. 2009).

6

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)    has either filed the complaint or made a motion in response to a notice;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Actions.

### a. Movant is Willing to Serve as a Class Representative

On March 18, 2024, plaintiff in the *Akhras* Action filed a notice (the "Notice") published

7

pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against SSR Mining and which advised putative class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Actions.[5] Movant has reviewed a complaint filed in the pending Actions and has timely filed this motion pursuant to the Notice.

### b. Movant has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. 2. The movant with the largest financial interest who also meets the requirements of typicality and adequacy under Rule 23 is presumptively the lead plaintiff. *See Friedman,* 261 F.R.D. at 609-610.

Under the PSLRA, damages are calculated based on: (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

Movant purchased SSR Mining securities during the Class Period in reliance upon the

---

[5] On March 18, 2024, the Notice was published over *Business Wire,* a widely circulated national business-oriented wire service. *See* Apton Decl., Ex. 3.

materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of $133,911.26.[6] *See* Apton Decl., Ex. 2. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there is no other applicant who has sought, or is seeking, appointment as lead plaintiff that has a larger financial interest and also satisfies Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

With respect to the qualifications of a lead plaintiff, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class. *See Cooke v. Equal Energy Ltd.*, 14-cv-0087-C, 2014 WL 3819159, at *2-3 (W.D. Okla. May 8, 2014); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *Schulman v. Lumenis, Ltd.,* No. 02 Civ. 1989 (DAB), 2003 WL 21415287, at *5-6 (S.D.N.Y June 18, 2003); *Weltz v. Lee,* 199 F.R.D. 129, 133 (S.D.N.Y.

---

[6] By disregarding gains and losses not attributable to the alleged fraud from intra-class period sales matched to intra-class period purchases, Movant's loss would be $193,678.21.

9

2001) (considering only typicality and adequacy on a motion as lead plaintiff); *see also In re Party City Secs. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999). *See generally* Fed. R. Civ. P. 23(a)(3)-(4). Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *Cooke*, 2014 WL 3819159, at *2. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See id.*; *Weltz,* 199 F.R.D. at 133.

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a. Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by defendants; and (iii) his claims are based on the same legal issues. *See Cooke,* 2014 WL 3819159, at *2; *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984).[7]

---

[7] Additionally, although not pertinent to the instant motion, a finding of typicality frequently supports a finding of commonality and *vice versa*. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

10

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired SSR Mining securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Cooke,* 2014 WL 3819159, at *2; *Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b.  Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the movant's interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Drexel Burnham,* 960 F.2d at 291; *Weltz,* 199 F.R.D. at 133.

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses he suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. *See Clovis Oncology*,

11

2016 WL 660133, at *3-4 (adequacy satisfied where movant lacks conflicts with remainder of the class and possesses largest financial interest).

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for thirty years. He resides in Fishers, Indiana, and possesses a master's degree. Movant is currently employed as U.S. business development Midwest with Lincoln Electric. *See* Apton Decl., Ex. 4, Movant's Declaration in support of his motion.

Finally, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Actions.

## C. **Movant's Choice of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain Lead Counsel, subject to Court approval. 15 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi &

Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. 5. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id.* In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the

Actions; (2) appoint Movant as Lead Plaintiff for the Class; and (3) approve Levi & Korsinsky and

Lead Counsel for the Class.


Dated: May 17, 2024                              Respectfully submitted,

                                                 **LEVI & KORSINSKY, LLP**

                                                 _/s/ Adam M. Apton_
                                                 Adam M. Apton
                                                 33 Whitehall Street, 17th Floor
                                                 New York, NY 10004
                                                 Telephone: (212) 363-7500
                                                 Facsimile: (212) 363-7171
                                                 Email: aapton@zlk.com

                                                 _Counsel for Stephen Gillig and Proposed_
                                                 _Lead Counsel for the Class_

14

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2024, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses

denoted on the Court's Electronic Mail Notice List.

**LEVI & KORSINSKY, LLP**

/s/ *Adam M. Apton*
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel.: (212) 363-7500
Facsimile: (212) 363-7171
Email: aapton@zlk.com

15