**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-00739-SP

KARAM AKHRAS, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

SSR MINING INC., RODNEY P. ANTAL, and ALISON WHITE,

Defendants.

---

Civil Action No. 1:24-cv-00808-SP

ERIC LINDEMANN, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

SSR MINING, INC., RODNEY P. ANTAL, ALISON WHITE, STEWART J. BECKMAN, WILLIAM NEVIN, and F. EDWARD FARID,

Defendants.

---

**NOTICE OF MOTION AND MOTION OF MATTHEW CHIPMAN AND SHAWN ARAGHI TO CONSOLIDATE THE RELATED ACTIONS, APPOINT LEAD PLAINTIFFS AND APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

---

Matthew Chipman and Shawn Araghi ("Movants") respectfully submits this notice of their motion to appoint lead plaintiffs and approve lead plaintiffs' selection of counsel.

This Motion is brought pursuant to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995

1

(the "PSLRA"), on the grounds that: (1) Movants should be appointed as Lead Plaintiffs for the class of all purchasers or acquirers of SSR Mining Inc., ("SSR" or the "Company") securities between February 23, 2022 and February 27, 2024, inclusive (the "Class Period"), as Movants have timely made this Motion, have the largest financial interest and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (2) Movants' selection of The Rosen Law Firm, P.A. as Lead Counsel should be approved as the firm is well-qualified and has extensive experience in cases of this type.

In support of this Motion, Movants submit: (1) the Memorandum of Points and Authorities dated May 17, 2024; (2) the Declaration of Phillip Kim dated May 17, 2024 (and exhibits); and (3) a [Proposed] Order granting Motion of Matthew Chipman and Shawn Araghi to Appoint Lead Plaintiffs and Approve Lead Plaintiffs' Selection of Counsel.

Local Rule 7.1 and Rule V.1 of the United States District Court for the District of Colorado's Magistrate Judges ("D.C.COLO.MJ") Uniform Civil Practice Standards requires a conference of counsel prior to filing motions. Due to the Private Securities Litigation Reform Act of 1995 lead plaintiff procedure, however, Movants do not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movants respectfully request that the conferral requirement of Local Rule 7.1 and Rule V.1 be waived.

## MEMORANDUM OF POINTS AND AUTHORITIES

Matthew Chipman and Shawn Araghi ("Movants") hereby move this Honorable Court for an order: (1) consolidating the above-captioned related actions; (2) appointing Movants as Lead Plaintiffs for the Class of all persons and entities other than Defendants that purchased or otherwise acquired SSR Mining Inc., ("SSR" or the "Company") securities: between February

23, 2022 and February 27, 2024, inclusive (the "Class Period")[1]; and (3) approving Movants'

selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class. This

Motion is brought pursuant to the Exchange Act, as amended by the Private Securities Litigation

Reform Act of 1995 (the "PSLRA").

Movants, who have a 30-year pre-existing relationship, should be appointed Lead

Plaintiffs and their selection of counsel should be approved. To Movants knowledge, Movants

are the "most adequate plaintiff" as defined by the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movants purchased, and retained throughout the Class Period, 2,288,500 shares of SSR suffering

losses of approximately $266,951.83 and otherwise satisfy the pertinent requirements of Rule 23

of the Federal Rules of Civil Procedure. Additionally, Movants have selected counsel that has

extensive experience in securities class actions throughout the country.

## I.      PERTINENT FACTS AND PROCEDURAL HISTORY

This first of these related actions, styled as *Akhras v. SSR Mining Inc. et al.* Case No.

1:24-cv-00739-SP, was commenced against the Company and certain of the Company's officers

for violations of the Exchange Act on March 18, 2024. That same day, the requisite PSLRA

early notice advising class members of the pendency of the action and the 60-day deadline for

any class member to seek appointment as lead plaintiff in this action was issued. *See* Declaration

of Phillip Kim In Support of Motion of Matthew Chipman and Shawn Araghi to Appoint Lead

---

[1] The first-filed action, *Akhras v. SSR Mining Inc. et al.*, case no. 1:24-cv-00739-SP has a class period of February 23, 2022 through February 27, 2024. The second-filed action, *Lindemann v. SSR Mining, Inc. et al.*, case no. 1:24-cv-00808-SP, and has a class period of June 27, 2022 through February 12, 2024. A more inclusive class period is favored at the lead plaintiff stage. *See, e.g., In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113- 114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage); *Deering v. Galena Biopharma, Inc., 2014 WL 4954398*, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage).

Plaintiffs and Approve Lead Plaintiffs' Selection of Counsel, Ex. 1.[2]

On March 22, 2024, the related action styled as *Lindemann v. SSR Mining, Inc. et al.*, Case No. 1:24-cv-00809-SP, was filed in this district alleging substantially similar allegations and claims under the Exchange Act. The *Lindemann* action includes a smaller class period of June 27, 2022 through February 12, 2024, and additional Defendants, on behalf of purchasers of securities of SSR.

Defendant SSR Mining purports to be a "precious metals mining company with four producing assets located in the United States, Türkiye ["Turkey"], Canada and Argentina. The Company is engaged in the operation, acquisition, exploration and development of precious metal resource properties, producing gold doré as well as silver and lead and zinc concentrates. SSR Mining's diversified asset portfolio is comprised of high-margin, long-life assets located in some of the world's most prolific metal districts."

The complaints allege that during the Class Period, Defendants made false and/or misleading statements as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Defendants materially overstated SSR Mining's commitment to safety and the efficacy of its safety measures; (2) SSR Mining engaged in unsafe mining practices which were reasonably likely to result in a mining disaster; and (3) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all times.

Then On February 13, 2024, before the market opened, the Company filed with the SEC a current report on Form 8-K. Attached to this current report was a press release which

---

[2] All references to "Ex. __" refer to the exhibits attached to this Declaration.

announced the following:

SSR MINING ANNOUNCES SUSPENSION OF OPEATIONS AT ÇÖPLER

SSR Mining Inc. announces a suspension of operations at the Çöpler mine as a result of a large slip on the heap leach pad. This event occurred in the morning of February 13, 2024 at approximately 6:30 am EST, and all operations at Çöpler have been suspended as a result.

Also on February 13, 2024, Reuters released an article entitled "SSR Mining halts gold production in Turkey after landslide, shares tank." This article stated that "Gold miner SSR Mining on Tuesday suspended production at a mine in eastern Turkey after a landslide, which left at least nine miners missing[.]" (Emphasis added). Further, it stated that "[t]he mine in Erzincan province is operated by Anagold Madencilik and owned by Turkey-based Calik Holding and Denver, Colorado-based SSR Mining."

On this news, the price of SSR Mining stock fell $5.22 per share, or 53.7%, to close at $4.50 on February 13, 2024, on unusually heavy trading volume, damaging investors.

Then, on February 16, 2024, after market hours, Reuters released an article entitled "SSR Mining says eight employees detained after Turkey mine landslide." This article stated the following:

Gold miner SSR Mining *said on Friday that eight of its employees have been detained amid an investigation into a landslide at its mine in Turkey and that operations there remain suspended*.

SSR Mining on Wednesday suspended production at its Copler mine in eastern Turkey after the landslide, which left at least nine miners missing[.]
Search and rescue operations to locate the nine missing workers at the mine are continuing, the miner said in the statement.

(Emphasis added).

Then, on Sunday, February 18, 2024, Sky News released an article entitled "Gold mine boss detained as search continues for missing miners trapped after huge landslide in Turkey."

5

The article stated that "[t]he boss of a mining company, which runs a gold mine where nine miners are missing after a massive landslide, has been detained by authorities in Turkey." Further, it specified that "Cengiz Demirci, Turkey director and senior vice-president of operations at the Denver-based SSR Mining, was detained on Sunday morning." (Emphasis added).

Also on February 18, 2024, the Company issued a press release in which it provided an update on the incident at Copler. In pertinent part, the Company did not contest that criminal charges filed against six Company employees were filed on legitimate grounds.

On this news, the price of SSR Mining stock declined by $0.29 per share, or 5.90%, to close at $4.62 per share on February 20, 2024. The next day, it fell a further $0.11, or 2.38%, to close at $4.51 on February 21, 2024.

Then, on February 27, 2024, after market hours, Defendants conducted their earnings call for the Fourth Quarter of 2023.

On this call, Defendant Antal stated that "[s]ix personnel are being detained and are facing charges in relation to the incident and we're ensuring they receive the necessary support while respecting the Turkish legal process". In pertinent part, Defendant Antal did not contest that the charges were filed on legitimate grounds.

On this news, the price of SSR Mining stock declined by $0.37 per share, or 7.93%, to close at $4.29 on February 28, 2024.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of SSR's shares, Plaintiff and other Class members have suffered significant losses and damages.

**ARGUMENT**

**II.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

The above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

**III.    MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS**

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a

7

"rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice …;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Crocs, Inc. Secs. Litig.*, 2008 WL 4298316, at * 1- * 2 (D. Colo. Sept. 17, 2008).

As explained below, Movants satisfy the above criteria and are the most adequate plaintiffs and should be appointed Lead Plaintiffs.

### A. Movants Are Willing to Serve as Class Representatives

Preliminarily, in response to the early notice issued on March 18, 2024, Movants made this motion within the 60-day time period. Movants attest that they have reviewed a complaint and are willing to serve as representatives of the class. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiffs for the Class. *See* Ex. 2.

### B. Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). While the PSLRA does not specify how to calculate the "largest financial interest," the approximate losses suffered are the most determinative. *Richardson v. TVIA, Inc.*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2008) (citing cases). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec.*

8

*Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005); *Weiss v. Friedman, Billings, Ramsey, Group, Inc.*, 2006 WL 197036 * 3 (S.D.N.Y. Jan. 25, 2006).

Movants purchased, and retained through the Class period, 2,228,500 SSR shares and lost approximately $266,951.83 in connection with their purchases of SSR securities. *See* Ex. 3. Movants are not aware of any other individual who has suffered greater losses in SSR securities during the Class Period. Accordingly, Movants satisfy the largest financial interest requirement to be appointed Lead Plaintiffs for the Class.

**C.     Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise 9atisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Federal Rules of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (l) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See In re Fuwei Films Secs. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) ("At this

point, a prospective lead plaintiff need only make a preliminary, prima facie showing that his or her claims satisfy the requirements of Rule 23."); *Cooke v. Equal Energy Ltd.*, Master Docket CIV14-0087-C, 2014 U.S. Dist. LEXIS 63452, *7 (W.D. Okla. May 8, 2014); *Greebel v. FTP Software*, 939 F. Supp. 57, 60, 64 (D. Mass. 1996). Moreover, typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA. *Crocs*, 2008 WL 4298316, at * 2. And of these four prerequisites, only two – typicality and adequacy – affect the analysis of competing motions for appointment as lead plaintiff. *See Wolfe v. Aspenbio Pharma, Inc.*, 275 F.R.D. 625, 628 (D. Colo. 2011).

### 1.        Movants' Claims Are Typical of the Claims of All Class Members

Under Rule 23(a)(3), typicality exists where "the claims … of the representative parties" are "typical of the claims … of the class." Typicality is demonstrated where the members of the class are victims of the same course of conduct. *Daigle v. Shell Oil Co.*, 133 F.R.D. 600, 604 (D. Colo. 1990). Typicality is satisfied when the representative plaintiffs' claims arise from the same event, practice or course of conduct that provides the basis of class claims and are grounded in the same legal or remedial theory. *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988). Typicality does not require that every class member's claim be identical to those of the representative plaintiffs. *Anderson v. City of Albuquerque*, 690 F.2d 796, 800 (10th Cir. 1982). According to the Tenth Circuit, "the typicality requirement is ordinarily not argued … It is to be recognized that there may be varying fact situations among individual members of the class and this is all right so long as the claims of the plaintiffs and the other class members are based on the same legal or remedial theory." *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1189 (10th Cir. 1975).

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all

members of the Class, allege that Defendants violated the federal securities laws by issuing false and misleading statements about SSR's business. Movants' interests are closely aligned with the other Class members' and Movants' interests are, therefore, typical of the other members of the Class. Thus, Movants meets the typicality requirement of Rule 23.

### 2.    Movants Will Adequately Represent the Class

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movants have communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed as Lead Plaintiffs. Movants are not aware that any conflict exists between Movants' claims and those asserted on behalf of the Class. Movants also sustained substantial financial losses from their investments in SSR securities and are therefore, extremely motivated to pursue claims in this action.

### D.    Movants are Presumptively the Most Adequate Plaintiffs

The presumption in favor of appointing Movants as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the Plaintiff's class" that the presumptively most adequate plaintiff:

> (aa) will not fairly adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption that Movants are the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Movants have suffered substantial financial losses and have the largest financial interest in this case of any timely lead plaintiff.

The ability of Movants to represent the Class fairly and adequately is discussed above. Movants are not aware of any unique defenses Defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly, Movants are presumptively the most adequate plaintiffs and should be appointed as Lead Plaintiffs for the Class.

Further, Movants live in California and have a 30-year preexisting relationship. Mr. Chipman is a sophisticated businessperson who has been investing for over 35 years. Mr. Chipman is a financial consultant and has a Bachelor of Science degree in Business Administration. Mr. Araghi has been investing for 34 years and is a real estate broker. He has a Bachelor of Arts in Economics and a Juris Doctorate. Mr. Chipman and Mr. Araghi have known each other for over 30 years.

## IV.    MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected Rosen Law as Lead Counsel. The firm has been actively researching the Class Plaintiff's claims including reviewing publicly available financial and other documents while gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having

been appointed as lead counsel in securities class actions in courts throughout the country. *See* Ex. 5. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of firm's experience in litigation involving issues similar to those raised in this action, Movants counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movants selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V.    CONCLUSION

For the foregoing reasons, Movants respectfully request the Court issue an Order: (1) consolidating the related actions; (2) appointing Movants as Lead Plaintiffs; (3) approving Lead Plaintiffs' selection of Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:  May 17, 2024                           Respectfully submitted,


                                               */s/Phillip Kim*
                                               Phillip Kim
                                               The Rosen Law Firm, P.A.
                                               275 Madison Avenue, 40th Floor
                                               New York, NY 10016
                                               Telephone: (212) 686-1060
                                               Fax: (212) 202-3827
                                               Email: pkim@rosenlegal.com

                                               *[Proposed] Lead Counsel for Plaintiff and Class*

13

**CERTIFICATE OF SERVICE**

I, Phillip Kim, hereby declare under penalty of perjury as follows:

I am an attorney at The Rosen Law Firm, P.A., with offices at 275 Madison Ave, 40th Floor, New York, NY 10016. I am over the age of eighteen.

On May 17, 2024, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MATTHEW CHIPMAN AND SHAWN ARAGHI TO APPOINT LEAD PLAINTIFFS AND APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on May 17, 2024.

/s/ *Phillip Kim*
Phillip Kim

14