## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00739-SBP

KARAM AKHRAS, Individually and on behalf of all others similarly situated,

       Plaintiff,

    v.

SSR MINING INC.,
RODNEY P. ANTAL, and
ALISON WHITE,

       Defendants.

---

Civil Action No. 1:24-cv-00808-SBP

ERIC LINDEMANN, Individually and on behalf of all others similarly situated,

       Plaintiff,

    v.

SSR MINING, INC.,
RODNEY P. ANTAL,
ALISON WHITE,
STEWART J. BECKMAN,
WILLIAM NEVIN, and
F. EDWARD FARID,

       Defendants.

---

## MOTION OF RAD INVESTMENT LLC FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL

---

Plaintiff RAD Investment LLC ("RAD Investment") hereby moves this Court, under Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*, for an order (a) appointing RAD Investment as Lead Plaintiff; (b) approving RAD Investment's selection of Glancy Prongay & Murray LLP as Lead Counsel for the putative class; and (c) granting such other relief as the Court may deem to be just and proper.[1]

## I.      FACTUAL BACKGROUND

This is a federal securities class action brought on behalf of all persons that purchased SSR Mining Inc. ("SSR Mining" or the "Company") securities between February 23, 2022 and February 27, 2024, inclusive (the "Class Period").

SSR Mining is a precious metals mining company with four producing assets located in the United States, Turkey, Canada, and Argentina. The Company is engaged in the operation, acquisition, exploration and development of precious metal resource properties, producing gold doré and silver, lead, and zinc concentrates.

On February 13, 2024, SSR Mining announced that it was suspending operations at its Çöpler mine in Turkey "as a result of a large slip on the heap leach pad." A *Reuters* article published later that same day explained that the mine had suspended production "after a landslide, which left at least nine miners missing." Soon after, news reports emerged that there had been

---

[1] 15 U.S.C. § 78u-4(a)(3)(A)(i) provides that within 60 days after publication of the required notice of the action, any member of the proposed class may move to be appointed as lead plaintiff. Consequently, at this time, RAD Investment's counsel have no way of knowing which class members, if any, will file competing lead plaintiff motions. As a result, RAD Investment's counsel have been unable to conference with opposing counsel as prescribed by D.C.COLO.LCivR 7.1(a), and respectfully request that the conference requirement of D.C.COLO.LCivR 7.1(a), be waived for this motion.

safety warnings at the mine which were "frequently ignored and inspections not adequately carried out." On this news, SSR Mining's stock price fell $5.22, or 53.7%, to close at $4.50 per share on February 13, 2024, thereby injuring investors.

On February 16, 2024, news outlets reported that eight SSR Mining employees had been "detained amid an investigation into [the] landslide." Then, on February 18, 2024, *Sky News* reported that the Turkey director and senior vice president of operations of SSR Mining had also been detained. On this news, SSR Mining's stock price fell $0.29, or 5.9%, to close at $4.62 per share on February 20, 2024.

On February 27, 2024, SSR Mining conducted its fourth quarter 2023 earnings call, on the call, Defendants admitted that the "Çöpler incident" would "have an impact on [the Company's] financial results in 2024." On this news, SSR Mining's stock price fell $0.37, or 7.9%, to close at $4.29 per share on February 28, 2024, thereby injuring investors further.

The complaints in this action allege that throughout the Class Period, the defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies, and failed to disclose to investors that: (1) Defendants materially overstated SSR Mining's commitment to safety and the efficacy of its safety measures; (2) SSR Mining engaged in unsafe mining practices which were reasonably likely to result in a mining disaster; and (3) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

As a result of the defendants' acts and omissions, and the precipitous decline in the market value of the Company's securities, RAD Investment and other class members suffered significant losses and damages.

2

## II.    PROCEDURAL HISTORY

On March 18, 2024, Plaintiff Karam Akhras commenced a securities fraud class action against SSR Mining and certain of its officers, captioned *Akhras v. SSR Mining Inc., et al.*, Case No. 1:24-cv-00739-SBP (the "*Akhras* Action"). It is brought on behalf of persons who purchased SSR Mining securities between February 23, 2022, and February 27, 2024.

On March 22, 2024, Plaintiff Eric Lindemann filed a substantially similar class action, captioned *Lindemann v. SSR Mining Inc., et al.*, Case No. 1:24-cv-00808-SBP (the "*Lindemann* Action," and together with the *Akhras* Action, the "Related Actions"). It is brought on behalf of persons who purchased SSR Mining securities between June 27, 2022 and February 12, 2024.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *City of Dania Beach Police & Firefighters' Ret. Sys. v. Chipotle Mexican Grill, Inc.*, No. 12-cv-02164, 2013 WL 1677553, at *2 (D. Colo. Apr. 17, 2013) (consolidating actions where "[b]oth of the cases in question were filed against the same four defendants, concern the same facts, and seek to answer the same question: whether defendants made materially false and misleading statements regarding Chipotle that caused harm to plaintiffs").

Each of the Related Actions presents similar factual and legal issues, as they both involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the

same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

###### B.    RAD Investment Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice. . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, RAD Investment satisfies the relevant criteria and, thus, is entitled to the presumption that it is the "most adequate plaintiff." RAD Investment's motion is timely, and RAD Investment has, to the best of its knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, RAD Investment is not aware of any unique defenses the defendants could raise against it that would render it inadequate to represent the class. Accordingly, RAD Investment respectfully submits that it should be appointed Lead Plaintiff.

### 1. RAD Investment's Motion Is Timely

RAD Investment has made a timely motion in response to the PSLRA early notice. On March 18, 2024, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), notice was published in connection with this action. *See* Exhibit 1 (PSLRA Notice), attached hereto. Therefore, RAD Investment had sixty days (until May 17, 2024) to file a motion to be appointed as lead plaintiff. As a purchaser of SSR Mining securities during the Class Period, RAD Investment is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### 2. RAD Investment Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

RAD Investment purchased SSR Mining securities during the Class Period and, as a result, suffered significant financial harm of approximately $1,137,195.50. *See* Exhibit 2 (Certification); Exhibit 3 (Financial Interest Analysis). RAD Investment is not aware of any other class member

5

that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, RAD Investment believes it has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Subramanian v. Watford,* No. 20-cv-02652-CMA-STV, 2021 WL 1697147, at *2 (D. Colo. Apr. 29, 2021).

### 3.    RAD Investment Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *See Lane v. Page*, 250 F.R.D. 634, 640 (D.N.M. 2007); *Delashmet v. Custom Designed Compressor Sys., Inc.*, 2006 WL 2016080, at *5 (D.N.M. March 9, 2006). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until class certification. *See In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 658 (D. Colo. 2000).

6

a)       **RAD Investment's Claims Are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Ribozyme* 192 F.R.D at 658. Rule 23 does not require the lead plaintiff to be identically situated with all class members. It is enough that the lead plaintiff's situation shares a common issue of law or fact. *In re Intelcom Grp., Inc. Sec. Litig.*, 169 F.R.D. 142, 148 (D. Colo. 1996).

Here, RAD Investment's claims are typical of the claims asserted by the proposed class. RAD Investment, like all members of the class, alleges that the defendants violated the federal securities laws by disseminating false and misleading statements during the Class Period concerning SSR Mining's business, operations, and prospects. RAD Investment, like all of the members of the class, purchased SSR Mining securities and was damaged thereby. Consequently, RAD Investment's interests are closely aligned with the other class members' and RAD Investment's interests are, therefore, typical of the class. *Ribozyme*, 192 F.R.D. at 658-59.

b)       **RAD Investment Is an Adequate Representative**

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The standard for adequacy of representation under [Rule 23] is met by: (1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation.

*Ribozyme*, 192 F.R.D. at 659. RAD Investment has demonstrated its adequacy to serve as lead plaintiff by retaining experienced counsel, submitting a sworn PSLRA Certification attesting to its

7

willingness to serve as lead plaintiff. *See* Exhibit 2 (Certification); *see also Ribozyme*, 192 F.R.D. at 658. In addition, RAD Investment's interests are clearly aligned with the class, and no antagonism exists between RAD Investment's claims and those of the other members of the class. As such, RAD Investment is adequate to represent the class. *See In re Intelcom,* 169 F.R.D. at 149 (citation omitted).

Accordingly, RAD Investment is the presumptive "most adequate plaintiff" and should be appointed Lead Plaintiff for the class.

### C. The Court Should Approve RAD Investment's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In this case, RAD Investment has retained Glancy Prongay & Murray LLP to pursue this litigation on its behalf, and will retain the firm as Lead Counsel in the event RAD Investment is appointed Lead Plaintiff. Glancy Prongay & Murray LLP possess extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé. *See* Exhibit 4. Thus, the Court may be assured that, by granting RAD Investment's motion, the class will receive the highest caliber of legal representation.

### IV. CONCLUSION

For the foregoing reasons, RAD Investment respectfully request that the Court grant its motion and enter an Order (a) appointing RAD Investment as Lead Plaintiff; (b) approving its selection of Glancy Prongay & Murray LLP as Lead Counsel; and (c) granting such other relief as the Court may deem just and proper.

DATED: May 17, 2024                    **GLANCY PRONGAY & MURRAY LLP**

*s/ Robert V. Prongay*
Robert V. Prongay
Charles H. Linehan (*pro hac vice* forthcoming)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com

Daniella Quitt (*pro hac vice* forthcoming)
745 Fifth Avenue, 5th Floor
New York, New York 10151
Telephone: (212) 935-7400
Email: dquitt@glancylaw.com

*Counsel for RAD Investment LLC and Proposed*
*Lead Counsel for the Class*

9

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and accompanying Proposed Order were filed with this Court on May 17, 2024 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

*s/ Robert V. Prongay*
Robert V. Prongay