# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00739-SBP

KARAM AKHRAS, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

SSR MINING INC., RODNEY P. ANTAL, and ALISON WHITE,

    Defendants.

---

Civil Action No. 1:24-cv-00808-SBP

ERIC LINDEMANN, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

SSR MINING INC., RODNEY P. ANTAL, ALISON WHITE, STEWART J. BECKMAN, WILLIAM NEVIN, and F. EDWARD FARID,

    Defendants.

---

**MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT
TERRY THOMPSON AND LINDA THOMPSON AS LEAD PLAINTIFF,
<u>AND APPROVE THEIR SELECTION OF LEAD COUNSEL</u>**

011241-11/2579626 V1

Terry Thompson and Linda Thompson ("Movants") hereby move the Court for an order: (1) consolidating the related actions; (2) appointing them as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B); and (3) approving their selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel.

**D.C.COLO.LCivR 7.1 CERTIFICATION**

D.C.COLO.LCivR 7.1(a), requires a conference of counsel prior to filing motions. Pursuant to the PSLRA, however, if any class member desires to be appointed lead plaintiff, the class member must file a motion within a certain period of time. U.S.C. § 78u-4(a)(3). Thus, Movants are presently unaware of the other entities or persons who plan to move for appointment as lead plaintiff and will not know their identities until after all the movants have filed their respective motions. Under these circumstances, Movants are unable to comply with the conferral requirement of D.C.COLO.LCivR 7.1(a) at this time. Movants will confer with any other lead plaintiff movants after the lead plaintiff filing deadline has passed and will promptly notify the Court whether this motion is opposed as soon as practicable thereafter.

**I.     INTRODUCTION**

The two actions pending before this Court are federal securities class actions brought on behalf of investors who purchased or otherwise acquired SSR Mining Inc. ("SSRM" or the "Company") securities against officers of SSRM for violations of §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

The PSLRA requires district courts to appoint as lead plaintiff the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u4(a)(3)(B)(i). The Court "shall appoint the most

- 1 -

adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u4(a)(3)(B)(i).

Movants should be appointed as Lead Plaintiff because they: (1) timely filed this Motion; (2) have a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u4(a)(3)(B)(iii). In addition, the selection of Hagens Berman to serve as lead counsel should be approved because Hagens Berman possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members. Accordingly, Movants' motion should be granted.

## II.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

"When motions to consolidate and motions for appointment of lead counsel are pending simultaneously in a [Private Securities Litigation Reform Act ("PSLRA")] action, the PSLRA directs courts to first decide the motion to consolidate." *Oregon Laborers Emps. Pension Tr. Fund*, No. 19-CV-124-WJM-SKC, 2019 WL 3714798, at *2 (D. Colo. Aug. 7, 2019) (citing 15 U.S.C. § 78u-4(a)(3)(B)(ii)). Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may ... consolidate the actions." Fed. R. Civ. P. 42(a)(2). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2nd ed. 1995)). The Court considers "both judicial economy and fairness to the parties in

- 2 -

exercising its discretion under Rule 42(a)." *City of Dania Beach Police & Firefighters' Ret. Sys. v. Chipotle Mexican Grill, Inc.*, No. 12-CV-02164-PAB-KLM, 2013 WL 1677553, at *1 (D. Colo. Apr. 17, 2013) (citing *Harris v. Illinois–California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982)).

Here, the Related Actions present common factual and legal issues. Each action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, names similar Defendants, and stems from the same underlying operative facts and circumstances. Consolidation would plainly expedite these proceedings, reduce duplicative efforts, and save all parties time, energy, and expense. Accordingly, the Actions are appropriate for consolidation and should be consolidated pursuant to Rule 42(a). *Clifton v. Willis*, No. 22-CV-03161-DDD-JPO, 2024 WL 1508832, at *2 (D. Colo. Mar. 5, 2024), *report and recommendation adopted sub nom.*, 2024 WL 1508831 (D. Colo. Mar. 26, 2024).

**B.    Movants Satisfy the PSLRA's Requirements and Should be Appointed as Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff "in each private action arising under [the securities laws] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely-circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa)    has either filed the complaint or made a motion in response to a notice …;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

011241-11/2579626 V1

> (cc)     otherwise satisfies the requirements of Rule 23 of the
> Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Movant satisfies each of these requirements and should therefore be appointed as Lead Plaintiff.

### 1.     Movants' Motion Is Timely

On March 18, 2024, plaintiff Karam Akhras filed the initial complaint in this action, and on the same day published notice of the complaint on *BusinessWire* that advised class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff by May 17, 2024. *See* Declaration of Steve W. Berman ("Berman Decl.") in Support of Motion to Consolidate Related Actions, Appoint Terry Thompson and Linda Thompson as Lead Plaintiff, and Approve Their Selection of Lead Counsel, Exhibit ("Ex.") 1 filed concurrently herewith. Because this Motion is being filed by May 17, 2024, it is timely and Movants are entitled to be considered for appointment as Lead Plaintiff.

### 2.     Movants Have the Largest Financial Interest in the Relief Sought by the Class

"The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the person or group of persons that has the largest financial interest in the case…. [C]ourts routinely look to the movant's financial loss as the most significant factor." *Subramanian v. Watford*, No. 20-CV-02652-CMA-STV, 2021 WL 1697147, at *2 (D. Colo. Apr. 29, 2021); *Assad v. DigitalGlobe, Inc.*, No. 17-CV-01097-PAB-NYW, 2017 WL 3575229, at *3 (D. Colo. Aug. 17, 2017); *In re Spectranetics Corp. Sec. Litig.*, No. CIV 08-CV02048REBKLM, 2009 WL 1663953, at *3 (D. Colo. Jun. 15, 2009).

As indicated in their loss chart, Movants suffered over $162,000 in losses on their purchases of SSRM securities as a result of Defendants' alleged wrongdoing. *See* Berman Decl.,

Exs. 2-3.[1] To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Movants satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. Movants are Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "'As for the requirement that the lead plaintiff otherwise satisfy the requirements of Rule 23, only two of the four requirements of Rule 23(a) – typicality and adequacy – impact the analysis of the lead plaintiff issue.'" *Assad*, 2017 WL 3575229, at *3 (citation omitted). "'Typicality exists where the claims of the representative plaintiffs 'arise out of the same course of conduct and are based on the same theories as those of the absent class members and thus their interests are coextensive with and typical of those of all class members.'… The adequacy requirement is satisfied on proof of '(1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation.'" *Subramanian*, 2021 WL 1697147, at *2 (citations omitted). Movants satisfy these requirements.

Movants' claims are typical of the proposed class because they allege the same injury – loss of value in the SSRM stock purchased during the Class Period – and the same cause – Defendants' alleged misrepresentations and omissions issued during the Class Period – as are alleged in the complaint. Like the other members of the class, Movants acquired SSRM securities

---

[1] The class period alleged in the *Akhras* action is February 23, 2022 through February 27, 2024, inclusive. The *Lindemann* action alleges a shorter class period of June 27, 2022 through February 12, 2024, inclusive. Movants' losses are substantially similar under the *Akhras* and *Lindemann* class periods.

- 5 -

during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and were damaged thereby. In addition, Movants are adequate representatives because there are no apparent conflicts between them and other class members and their experienced counsel, as discussed below, will vigorously prosecute the action on behalf of the class.

**C.    The Court Should Approve Movants' Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See Subramanian*, 2021 WL 1697147, at *4 (approving lead plaintiff movant's selection of competent and experienced counsel); *Assad*, 2017 WL 3575229, at *4 (same). Movants have selected Hagens Berman to serve as lead counsel for the class.

Hagens Berman regularly practices complex securities litigation. *See* Berman Decl., Ex. 4 (Hagens Berman law firm resume). Hagens Berman has previously been appointed as lead counsel in other securities class actions and has a demonstrated ability to work in an efficient fashion in the Class's best interests. *See id.* Further, Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class action cases. *Id.* Moreover, Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions. *See id.*

Accordingly, Hagens Berman should be appointed as Lead Counsel.

### III.    CONCLUSION

Movants, who meets all of the PSLRA's lead plaintiff requirements, respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Hagens Berman as Lead Counsel.

- 6 -

011241-11/2579626 V1

- 7 -

DATED:  May 17, 2024

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By:    */s/ Steve W. Berman*
          Steve W. Berman
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Reed R. Kathrein
Lucas E. Gilmore
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*[Proposed] Lead Counsel for [Proposed] Lead Plaintiff*

011241-11/2579626 V1

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Steve W. Berman*
STEVE W. BERMAN

011241-11/2579626 V1