## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:24-cv-00739-SBP

KARAM AKHRAS, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

SSR MINING INC.,
RODNEY P. ANTAL,
and ALISON WHITE,

      Defendants.

---

Civil Action No.: 1:24-cv-00808-SBP

ERIC LINDEMANN, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

SSR MINING, INC.,
RODNEY P. ANTAL,
ALISON WHITE,
STEWART J. BECKMAN,
WILLIAM NEVIN, and
F. EDWARD FARID,

      Defendants.

---

**MOTION OF THE EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF
BALTIMORE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ........................................................................ 3

II.     SUMMARY OF THE PENDING ACTIONS .................................................... 4

III.    ARGUMENT.................................................................................................... 7

        A.    The Related Actions Should be Consolidated ..........................................7

        B.    The PSLRA Standard for Appointing Lead Plaintiff................................7

        C.    Baltimore Employees Is the "Most Adequate Plaintiff" Under the PSLRA

              and Should be Appointed Lead Plaintiff..................................................8

              1.    Baltimore Employees Has Timely Filed Its Motion ...................................9

              2.    Baltimore Employees Has the Largest Financial Interest in the

                    Relief Sought by the Class.............................................................9

              3.    Baltimore Employees Satisfies Rule 23's Typicality and Adequacy

                    Requirements ............................................................................10

              4.    Baltimore Employees is Precisely the Type of Lead Plaintiff

                    Envisioned by the PSLRA ..........................................................12

        D.    The Court Should Approve Baltimore Employees' Selection of Counsel ............12

IV.     CONCLUSION............................................................................................... 15

i

# TABLE OF AUTHOTITIES

**Page(s)**

**Cases**

*Barnwell v. Advanced Emissions Sols., Inc.*,
No. 14-cv-01243-CMA-KMT, 2015 WL 13612170 (D. Colo. Feb. 19, 2015) .............. 7, 10, 15

*Bloom v. Anderson (FirstEnergy Corp. Derivative Litig.)*,
No. 2:20-cv-04534, 2020 WL 6710429 (S.D. Ohio Nov. 16, 2020)......................................... 14

*Ellis v. Spectranetics Corp.*,
No. 15-cv-01857-KLM, 2015 WL 9259928 (D. Colo. Dec. 18, 2015) ......................... 9, 10, 11

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)........................................................................................ 12, 13

*In re Gildan Activewear Inc. Sec. Litig.*,
No. 1:08-cv-05048, 2010 WL 11746218 (S.D.N.Y. Sept. 20, 2010)....................................... 14

*In re Robinhood Outage Litig.*,
No. 20-cv-01626-JD, 2020 WL 7330596 (N.D. Cal. July 14, 2020)....................................... 14

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
No. 13-cv-05368, 2014 WL 2604991 (N.D. Cal. June 10, 2014).............................................. 1

**Statutes**

15 U.S.C. § 78u-4(a)(1) ............................................................................................................ 7
15 U.S.C. § 78u-4(a)(3) ...................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23................................................................................................... 2, 3, 10, 11
Fed. R. Civ. P. 42...................................................................................................................... 1

**Regulations**

17 C.F.R. § 240.10b-5................................................................................................................ 4

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ........................... 3, 12
S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679................................................. 3

Proposed Lead Plaintiff the Employees' Retirement System of the City of Baltimore ("Baltimore Employees") respectfully moves this Court for the entry of an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) consolidating the above-captioned Related Actions[1] pursuant to Rule 42 of the Federal Rules of Civil Procedure ("Rule 42"); (2) appointing Baltimore Employees as Lead Plaintiff for a class of all persons or entities who purchased or otherwise acquired publicly traded SSR Mining Inc. ("SSR Mining" of the "Company") securities between February 23, 2022 and February 27, 2024, inclusive (the "Class Period"),[2] and were damaged thereby (the "Class"); (3) approving its selection of Saxena White P.A. ("Saxena White") to serve as Lead Counsel for the Class and Shuman, Glenn & Stecker ("SGS") to serve as Liaison Counsel for the Class; and (4) granting any such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that Baltimore Employees believes that it is the "most adequate plaintiff" under the PSLRA, and should therefore be appointed Lead Plaintiff. Specifically, Baltimore Employees believes it has the "largest financial interest" in the relief sought by the Class in this action. Baltimore Employees also satisfies the relevant requirements

---

[1] The Related Actions are *Akhras v. SSR Mining Inc.*, No. 1:24-cv-00739-SBP (D. Colo. filed Mar. 18, 2024) (the "*Akhras* Action"), and *Lindemann v. SSR Mining Inc.*, No. 1:24-cv-00808-SBP (D. Colo. filed Mar. 22, 2024) (the "*Lindemann* Action"). All emphases are added and all citations are omitted herein unless otherwise indicated.

[2] The *Akhras* Action was filed on behalf of persons or entities who purchased or otherwise acquired SSR Mining securities between February 23, 2022 and February 27, 2024, inclusive. The *Lindemann* Action was filed on behalf of all investors who purchased or otherwise acquired SSR securities between June 27, 2022 and February 12, 2024, inclusive. While the actions assert slightly different, albeit overlapping, class periods, for purposes of appointing a lead plaintiff, the longest alleged class period governs. *See*, *e.g.*, *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-cv-05368, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014) ("The [three] complaints filed against Fusion-io . . . assert different class periods. For purposes of appointing a lead plaintiff, the longest class period governs").

1

of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of other Class members' claims and because it will fairly and adequately represent the Class. Further, Baltimore Employees is the paradigmatic Lead Plaintiff envisioned by Congress in enacting the PSLRA—a sophisticated institutional investor with a substantial financial stake in the litigation that will provide effective monitoring and supervision of counsel, drawing on its experience overseeing a successful securities class action.

This Motion is based upon the accompanying Memorandum of Law in support thereof and all exhibits attached thereto, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, Baltimore Employees respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Baltimore Employees as Lead Plaintiff for the Class; (3) approve Saxena White as Lead Counsel for the Class, and SGS as Liaison Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

## D.C.COLO.LCIVR 7.1 CERTIFICATION

Pursuant to the U.S. District Court for the District of Colorado's Local Civil Rule 7.1(a), the undersigned counsel has conferred in good faith with counsel for Defendants (as defined herein), who take no position on consolidation nor the appointment of lead plaintiff or lead counsel at this time, and reserve all rights with respect to the subject matter of this motion. Due to the procedure established by the PSLRA for appointment of a lead plaintiff, Baltimore Employees will not know which other class members, if any, intend to move for consolidation, appointment as lead plaintiff, and approval of their selection of counsel until after all motions have been filed on May 17, 2024, and therefore respectfully requests that the conferral requirement as to these unknown movants be deferred until after the identity of all movants is

2

known, at which time Baltimore Employees will make reasonable, good faith efforts to confer with such movants. Baltimore Employees will update the Court after all movants are known.

## MEMORANDUM OF LAW

### I.    PRELIMINARY STATEMENT

Baltimore Employees—a sophisticated institutional investor that oversees approximately $2 billion in assets on behalf of its beneficiaries and that has significant experience serving as a lead plaintiff—respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff on behalf of the Class. Baltimore Employees incurred a substantial loss of $291,320 on its Class Period purchases of SSR Mining common stock during the Class Period under the prevailing last-in, first-out ("LIFO") loss calculation method.[3] Thus, Baltimore Employees has a substantial financial interest in the relief sought by this litigation—an interest believed to be greater than that of any other qualified movant.

In addition to asserting the largest financial interest, Baltimore Employees also meets the typicality and adequacy requirements of Rule 23 because: (1) its claims arise from the same course of events as those of the other Class members, (2) it relies on similar legal theories to prove Defendants' liability, and (3) it has retained experienced counsel and is committed to vigorously prosecuting the action. Furthermore, the PSLRA's legislative history shows that a large, sophisticated institutional investor like Baltimore Employees is precisely the type of investor that Congress intended to empower to lead securities class action litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98, at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685.

---

[3] Baltimore Employees' transactions in SSR Mining stock are set forth in the certification ("Certification") attached hereto as Exhibit 1. In addition, a table reflecting the calculation of Baltimore Employees' financial loss on its Class Period transactions in SSR Mining stock ("Loss Analysis") is attached hereto as Exhibit 2.

Baltimore Employees has also demonstrated its adequacy by selecting Saxena White to serve as Lead Counsel, and SGS as Liaison Counsel, for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). Saxena White is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale, and SGS, is a similarly experienced law firm with an office in this District.

Accordingly, Baltimore Employees respectfully requests that the Court appoint Baltimore Employees as Lead Plaintiff and otherwise grant its motion.

## II.    SUMMARY OF THE PENDING ACTIONS

The above-captioned actions (the "Actions") allege that SSR Mining and certain of its executive officers and/or directors (together, "Defendants")[4] violated Sections 10(b) and 20(a) of the Exchange Act (17 C.F.R. § 240.10b-5) and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) during the Class Period.

SSR Mining purports to be a precious metals mining company with four producing assets located in the United States, Turkey, Canada, and Argentina.[5] The Company is engaged in the operation, acquisition, exploration, and development of precious metal resource properties, producing gold doré as well as silver, lead, and zinc concentrates. The Actions concern the Company's mine and mining activities in Çöpler, Turkey (the "Copler Mine").

---

[4] Both Actions name SSR Mining, Rodney P. Antal, and Alison White as Defendants, and the *Lindemann* Action also names Stewert J. Beckman, William MacNevin, and F. Edward Farid as additional Defendants.

[5] SSR Mining is headquartered in Denver, Colorado, and its common stock trades on the Nasdaq Global Select Market under the ticker symbol "SSRM."

The Actions allege that Defendants' statements during the Class Period were materially false and/or misleading because they misrepresented and failed to disclose adverse facts pertaining to the Company's business, operations, and prospects that were known to Defendants or recklessly disregarded by them.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Defendants materially overstated SSR Mining's commitment to safety and the efficacy of its safety measures and protocols; (2) SSR Mining engaged in unsafe mining practices that were reasonably likely to result in a mining disaster; and (3) as a result, Defendants' statements about the Company's business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all times.

On February 13, 2024, before the markets opened, the Company filed with the SEC a Current Report on Form 8-K that announced the suspension of its operations at the Copler Mine.  That same day, Reuters released an article titled "SSR Mining halts gold production in Turkey after landslide, shares tank."  The article disclosed that the suspension came "*after a landslide, which left at least nine miners missing*[.]" PBS Newshour also released a story discussing the Copler Mine's poor safety record and stating that "engineers warned that safety risks were frequently ignored and inspections not adequately carried out."  On this news, the price of SSR Mining stock fell $5.22 per share, or 53.70%, to close at $4.50 per share on February 13, 2024, on unusually heavy trading volume.

Then, after the markets closed on Friday, February 16, 2024, Reuters reported that SSR Mining had announced that eight of its employees had been detained amid an investigation into the circumstances leading to the Copler Mine landslide and that operations at the Mine remained suspended.  The following day, reports circulated that Turkish regulators canceled SSR Mining's environmental licenses for the Copler Mine.  Subsequently, on Sunday, February

5

18, 2024, Sky News released an article titled "Gold mine boss detained as search continues for missing miners trapped after huge landslide in Turkey."  In addition to addressing the detention of SSR Mining's Turkey director and senior vice-president of operations, the article also stated that "Six Copler Mine employees – out of eight detained earlier this week – have been formally arrested."

Also on February 18, 2024, the Company issued a press release with an update on the incident at the Copler Mine.  Therein, SSR Mining did not contest that criminal charges lodged against six Company employees were filed on legitimate grounds.  On these developments, the price of SSR Mining stock declined by $0.29 per share, or 5.90%, to close at $4.62 per share on February 20, 2024.  The next day, SSR Mining's stock price fell a further $0.11 per share, or 2.38%, to close at $4.51 per share on February 21, 2024.

Then, on February 27, 2024, after market hours, Defendants held their earnings call for the fourth quarter of 2023.  During this call, Defendant Rodney P. Antal, SSR Mining's Executive Chairman and CEO, stated that "[s]ix personnel are being detained and are facing charges in relation to the incident and we're ensuring they receive the necessary support while respecting the Turkish legal process."  The Company again did not contest that the charges were filed on legitimate grounds and informed investors on the financial impact of the Copler Mine disaster.  On this news, the price of SSR Mining stock declined by $0.37 per share, or 7.93%, to close at $4.29 per share on February 28, 2024.

As a result of Defendants' wrongful acts and omissions, and the significant decline in the market value of the Company's securities, Baltimore Employees and the Class have suffered significant damages.

III.   **ARGUMENT**

A.   <u>**The Related Actions Should be Consolidated**</u>

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Barnwell v. Advanced Emissions Sols., Inc.*, No. 14-cv-01243-CMA-KMT, 2015 WL 13612170, at *1 (D. Colo. Feb. 19, 2015) (explaining that consolidation is to be considered before lead plaintiff is evaluated).  Rule 42(a) specifies that consolidation is appropriate when actions "involve a common question of law or fact."

Here, the Related Actions are well-suited for consolidation.  Both Actions allege a substantially similar, unlawful, and/or fraudulent scheme relating to similar parties, transactions, and events during overlapping time frames.  Both Actions allege that Defendants made materially false and misleading statements and omissions concerning SSR Mining's business.  In addition, because the Related Actions are based on similar facts and involve the same subject matter, the same discovery will be relevant to all actions.  Thus, "[c]onsolidating the actions will enhance fairness and judicial economy."  *Advanced Emissions*, 2015 WL 13612170, at *1.  Accordingly, Baltimore Employees respectfully submits that the Actions should be consolidated.

B.   <u>**The PSLRA Standard for Appointing Lead Plaintiff**</u>

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

7

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the movant who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff, (ii) has the largest financial interest in the relief sought by the class, and (iii) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Under the framework established by the PSLRA, Baltimore Employees is the most adequate plaintiff and should be appointed Lead Plaintiff.

## C.     Baltimore Employees Is the "Most Adequate Plaintiff" Under the PSLRA and Should be Appointed Lead Plaintiff

Baltimore Employees respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). As set forth below, Baltimore Employees believes it is

the "most adequate plaintiff" because it has complied with the PSLRA's procedural requirements, has the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements.

### 1. Baltimore Employees Has Timely Filed Its Motion

Pursuant to the PSLRA, the plaintiff in the *Akhras* Action caused a notice regarding the pending nature of this case to be published on *Business Wire*, a widely circulated, national business-oriented news wire service, on March 18, 2024. *See* Notice, Exhibit 3. Pursuant to the PSLRA, any member of the proposed Class may apply for appointment as Lead Plaintiff within sixty days of the publication of the notice, *i.e.*, on or before May 17, 2024. *See* 15 U.S.C. § 78u-4(a)(3)(A). Thus, Baltimore Employees has filed its motion within the required time frame.

### 2. Baltimore Employees Has the Largest Financial Interest in the Relief Sought by the Class

Baltimore Employees should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts routinely look to the movant's financial loss as the most significant factor in assessing its financial interest in an action. *See Ellis v. Spectranetics Corp.*, No. 15-cv-01857-KLM, 2015 WL 9259928, at *2 (D. Colo. Dec. 18, 2015). During the Class Period, Baltimore Employees incurred a substantial loss of $291,320 on a LIFO basis on its transactions in SSR Mining stock. *See* Loss Analysis, Exhibit 2.

To the best of Baltimore Employees' knowledge, there are no other applicants who have sought, or are seeking, Lead Plaintiff appointment that have a larger financial interest arising from transactions in SSR Mining securities. Accordingly, Baltimore Employees has the largest financial interest of any qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

9

### 3.     Baltimore Employees Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, Baltimore Employees also satisfies the typicality and adequacy requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Advanced Emissions*, 2015 WL 13612170, at *2 ("As for the purported lead plaintiff needing to otherwise satisfy the requirements of Rule 23, only two of Rule 23(a)'s four requirements—typicality and adequacy—factor into the analysis.").  At the lead plaintiff stage, Rule 23's requirements are satisfied with a preliminary showing that the lead plaintiff movant's claims are typical and that the movant would be an adequate representative. *See* Fed. R. Civ. P. 23(a)(3)-(4).

### a.  Baltimore Employees' Claims are Typical of Those of the Class

Baltimore Employees satisfies Rule 23(a)(3)'s typicality requirement, which requires the claims or defenses of the representative party to be typical of those of the Class.  *See* Fed. R. Civ. P. 23(a)(3).  Typicality exists where "the claims of the representative plaintiff 'arise out of the same course of conduct and are based on the same theories as those of absent class members.'" *Spectranetics*, 2015 WL 9259928, at *2.

Here, the claims of Baltimore Employees and all other Class members arise from the same course of events and are based on the same legal arguments.  Indeed, like all other Class members, Baltimore Employees: (1) purchased SSR Mining securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby.  *See*, *e.g.*, *Spectranetics*, 2015 WL 9259928, at *2 (discussing typicality requirement);  *Advanced Emissions*, 2015 WL 13612170 at *2 (same). These shared claims, which arise under a common legal theory and from the same events and

10

course of conduct as those of the balance of Class members, satisfy Rule 23(a)(3)'s typicality requirement. As such, Baltimore Employees is a typical Class representative.

### b. Baltimore Employees Will Fairly and Adequately Protect the Interests of the Class

Baltimore Employees similarly satisfies Rule 23(a)(4)'s adequacy requirement, which requires a representative party to "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement is established on proof of "(1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation." *Spectranetics*, 2015 WL 9259928, at \*2.

Here, Baltimore Employees' interests are aligned with those of other Class members and are not antagonistic in any way. *See* 15 U.S.C. § 78u-4(a)(3)(B). Baltimore Employees incurred substantial financial harm due to Defendants' misrepresentations and omissions during the Class Period and, therefore, has a powerful incentive to vigorously prosecute the Action. There are no facts to suggest an actual lor potential conflict of interest between Baltimore Employees and other Class members. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Furthermore, Baltimore Employees has demonstrated its adequacy through its selection of Saxena White as Lead Counsel, and its selection of SGS as Liaison Counsel to represent the Class in this Action. As discussed more fully below, Saxena White and SGS are highly qualified and experienced in the area of securities class action litigation, including working together on a successful settlement within this District.

Accordingly, in addition to having the largest financial interest, Baltimore Employees satisfies the typicality and adequacy requirements of Rule 23.

11

      **4.**       **Baltimore Employees is Precisely the Type of Lead Plaintiff Envisioned by the PSLRA**

Baltimore Employees—a sophisticated institutional investor with a substantial interest in the Actions—is the paradigmatic lead plaintiff Congress sought to encourage to seek a leadership role in securities class actions with the enactment of the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at \*34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Congress explained in its PSLRA statement of Managers Report that the PSLRA was formulated "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in part because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." *In re Cendant Corp. Litig.*, 264 F.3d 201, 244, 264 (3d Cir. 2001) (quoting H.R. Rep. No. 104-327, at 24 (1994), *reprinted in* 1995 U.S.C.A.A.N. 730, 737).

Baltimore Employees is a public pension fund that provides retirement benefits to approximately 18,000 regular and permanent employees in the general administrative service of the City of Baltimore, Maryland and certain non-teacher employees of the Baltimore City Public School System. Baltimore Employees was established in 1926 and, as of September 2023, had approximately $2 billion in assets under management. Thus, Baltimore Employees is well aware of the Lead Plaintiff's duties, including the responsibility to oversee and supervise the litigation separate and apart from counsel.

**D.**      **The Court Should Approve Baltimore Employees' Selection of Counsel**

The Court should approve Baltimore Employees' selection of Saxena White as Lead Counsel on behalf of the Class. The PSLRA vests authority in the Lead Plaintiff to select and

retain counsel for the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices." *Cendant*, 264 F.3d at 274.

Here, Baltimore Employees' selection for Lead Counsel for the Class, Saxena White, has extensive experience in successfully prosecuting as lead or co-lead counsel securities class actions, including in this jurisdiction. *See* Saxena White's Firm Resume, Exhibit 4. For example, in the District of Colorado, Saxena White, acting as lead counsel, and with SGS as liaison counsel, secured a $135 million recovery for the investor class in *Peace Officers' Annuity and Benefit Fund of Georgia v. DaVita, Inc.*, No. 1:17-cv-00304-WJM (D. Colo.), which is the third-largest securities class action recovery ever achieved within this District. In addition, Saxena White's track record in securities litigation includes: the $210 million recovery for the investor class in *In re Wilmington Trust Securities Litigation*, No. 10-cv-00990 (D. Del.); the $73million recovery in *In re Rayonier Inc. Securities Litigation*, No. 3:14-cv-01395 (M.D. Fla.); the $65 million recover in *In re Apache Corp. Securities Litigation*, No. 4:21-cv-00575 (S.D. Tex.) (pending final approval); the $63 million recovery in *Plymouth County Retirement System v. Patterson Cos. Inc.*, No. 0:18-cv-00871 (D. Minn.); the $53.3 million recovery in *Central Laborers' Pension Fund v. SIRVA, Inc.*, No. 1:04-cv-07644 (N.D. Ill.); the $50 million recovery in *In re HD Supply Holdings, Inc. Securities Litigation*, No. 1:17-cv-02587 (N.D. Ga.); the $30 million recovery in *In re James River Holdings Ltd. Securities Litigation*, No. 3:21-cv-00444 (E.D. Va.) (pending final approval); and the $28 million recovery in *Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corp.*, No. 2:20-cv-00856 (S.D. Ala.).

By approving Baltimore Employees' choice of Lead Counsel, this Court will also advance the important goal of increasing diversity among class counsel, so that the attorneys

13

leading the case "reflect the diversity of the proposed national class." *In re Robinhood Outage Litig.*, No. 20-cv-01626-JD, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020); *see also In re Gildan Activewear Inc. Sec. Litig.*, No. 1:08-cv-05048, 2010 WL 11746218, at *1 (S.D.N.Y. Sept. 20, 2010) (because "proposed class includes thousands of participants, both male and female, arguably from diverse backgrounds, . . . it is therefore important to all concerned that there is evidence of diversity, in terms of race and gender, in the class counsel I appoint"). As a federally certified woman- and minority-owned firm specializing in representing injured investors as plaintiffs in securities litigation, Saxena White is committed to diversity.

For example, Saxena White was selected by the Chief Judge of the Northern District of Ohio as Co-Lead Counsel in an important shareholder derivative action involving a corruption and bribery scheme, not only for its "impressive" and "considerable track record[] of successfully prosecuting shareholder derivative actions," but also for its "diverse team" that "best reflects the plaintiffs' diversity and is best suited to act on their behalf." *Bloom v. Anderson (FirstEnergy Corp. Derivative Litig.)*, No. 2:20-cv-04534, 2020 WL 6710429, at *9 (S.D. Ohio Nov. 16, 2020). Saxena White would staff this litigation with a diverse team of qualified and capable attorneys that reflects the diversity of the Class.

Baltimore Employees has selected SGS to serve as Liaison Counsel. SGS has extensive experience prosecuting complex litigation, including securities fraud class actions, and will serve to facilitate the litigation on a local level. *See* SGS Firm Resume, Exhibit 5. As noted above, SGS served as liaison counsel with Saxena White as lead in *DaVita,* which achieved a $135 million recovery for injured class members. In approving the $135 million *DaVita* settlement, the Hon. William J. Martinez stated: "I find that plaintiffs' counsel have achieved an ***extraordinary result*** for their clients and the class." Additionally, SGS was appointed liaison counsel in nine

14

coordinated complex securities class actions brought against various Oppenheimer-related entities based upon alleged violations of the federal securities laws. *See In re Oppenheimer Fixed Income Fund Actions*, Nos. 1:09-cv-00386-JLK-KMT (D. Colo.); and *In re Oppenheimer Rochester Funds Grp. Sec. Litig.*, No. 1:09-md-20063-JLK-KMT (D. Colo.). The two *Oppenheimer*-related actions settled for $100 million and $140 million, respectively. SGS also served as liaison counsel in *Qwest*, which settled for $450 million—a record recovery for this District. *See*, *e.g.*, *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery for the class is the largest securities recovery in the Tenth Circuit). In sum, given its history with securities class actions in this District, the Court can be well assured that SGS will capably serve the Class.

Accordingly, Saxena White and SGS have the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured by granting this Motion that the Class will receive the highest caliber of representation. *See Advanced Emissions*, 2015 WL 13612170, at *3 (approving lead plaintiff's selection of lead counsel where counsel was "qualified, experienced, and able to vigorously conduct the proposed litigation").

Accordingly, the Court should appoint Baltimore Employees as Lead Plaintiff and approve Saxena White as Lead Counsel and SGS as Liaison Counsel for the Class.

## IV. CONCLUSION

For the reasons discussed above, Baltimore Employees respectfully requests that the Court: (1) consolidate the Actions; (2) appoint Baltimore Employees to serve as Lead Plaintiff; (3) approve Baltimore Employees' selection of Saxena White as Lead Counsel and SGS as Liaison Counsel for the Class; and (4) grant such other relief as the Court may deem just and proper.

Dated:  May 17, 2024

Respectfully Submitted,

*/s/      Rusty E. Glenn*
Rusty E. Glenn (39183)
SHUMAN, GLENN & STECKER
600 17th Street, Ste. 2800 South
Denver, CO 80202
Telephone: (303) 861-3003
Facsimile: (303) 536-7849
rusty@shumanlawfirm.com

*Proposed Liaison Counsel for the Class*

**SAXENA WHITE P.A.**
Maya Saxena
Lester R. Hooker
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxena@saxenawhite.com
lhooker@saxenawhite.com

-and-

Rachel A. Avan
Marco A. Dueñas
10 Bank Street, Suite 882
White Plains, New York 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
ravan@saxenawhite.com
mduenas@saxenawhite.com

*Counsel for Proposed Lead Plaintiff the
Employees' Retirement System of the City of
Baltimore, and Proposed Lead Counsel for
the Class*

16

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of May, 2024, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered participants.

/s/ Rusty E. Glenn
Rusty E. Glenn (39183)

17