**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

**Civil Action No**.: 1:24-cv-00739-SBP

KARAM AKHRAS, Individually and on
behalf of all others similarly situated,

     Plaintiff,

     v.

SSR MINING INC., RODNEY P. ANTAL,
and ALISON WHITE,

     Defendants.

---

**Civil Action No**.: 1:24-cv-00808-SBP

ERIC LINDEMANN, Individually and on Behalf
of All Others Similarly Situated,

     Plaintiff,

v.

SSR MINING, INC., RODNEY P. ANTAL,
ALISON WHITE, STEWART J. BECKMAN,
WILLIAM NEVIN, and F. EDWARD FARID,

     Defendants.

---

**NOTICE OF MOTION AND MOTION OF GEORGE LAMASON AND
JEREMY LINHARDT FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD
PLAINTIFFS, AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT**

---

## TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION .......................................................................................1

CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a) ....................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................2

PRELIMINARY STATEMENT ...................................................................................................2

STATEMENT OF FACTS ............................................................................................................4

ARGUMENT.................................................................................................................................6

      A.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL
            PURPOSES.............................................................................................................6

      B.     LAMASON AND LINHARDT SHOULD BE APPOINTED CO-LEAD
            PLAINTIFFS ..........................................................................................................7

            1.     Lamason and Linhardt Are Willing to Serve as Class Representatives.......8

            2.     Lamason and Linhardt Have the "Largest Financial Interest"....................9

            3.     Lamason and Linhardt Otherwise Satisfy Rule 23's Requirements ..........10

            4.     Lamason and Linhardt Will Fairly and Adequately Represent the Interests
                 of the Class and Are Not Subject to Unique Defenses .............................13

      C.     CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE
            APPROVED ...........................................................................................................14

CONCLUSION..............................................................................................................................15

CERTIFICATE OF SERVICE ......................................................................................................17

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adamson v. Bowen*,
    855 F.2d 668 (10th Cir. 1988) .................................................................................................11

*Bassin v. Decode Genetics, Inc.*,
    230 F.R.D. 313 (S.D.N.Y. 2005) ...............................................................................................7

*Beck v. Maximus, Inc.*,
    457 F.3d 291 (3d Cir. 2006).....................................................................................................11

*Darwin v. Taylor*,
    No. 12-CV-01038-CMA-CBS, 2012 WL 5250400 (D. Colo. Oct. 23, 2012)...........................9

*Friedman v. Quest Energy Ptnrs. LP*,
    261 F.R.D. 607 (W.D. Okla. 2009)............................................................................................9

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001).....................................................................................................13

*In re GE Sec. Litig.*,
    No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) .....................................7

*In re Molycorp, Inc. Sec. Litig.*,
    No. 12-CV-0292-WJM-KMT, 2012 WL 13013602 (D. Colo. May 29, 2012) .................12, 13

*In re NPS Pharm., Inc. Sec. Litig.*,
    No. 2:06-CV-00570-PGCPMW, 2006 WL 6627948 (D. Utah Nov. 17, 2006) ..................9, 11

*In re Ribozyme Pharm. Sec. Litig.*,
    192 F.R.D. 656 (D. Colo. 2000) ..............................................................................................12

*In re Spectranetics Corp. Sec. Litig.*,
    No. 08-cv-02048, 2009 WL 1663953 (D. Colo. June 15, 2009) .............................................12

*Klein v. Altria Group, Inc. et al.*,
    No. 3:20-cv-00075 (E.D. Va.) ..................................................................................................15

*Lane v. Page*,
    250 F.R.D. 634 (D.N.M. 2007)..........................................................................................10, 14

*Lax v. First Merch. Acceptance Corp.*,
Nos. 97 C 2715 1997 WL (N.D. Ill. Aug. 6, 1997) ....................................................................9

*Malcolm v. Nat'l Gypsum Co.*,
995 F.2d 346 (2d Cir. 1993)......................................................................................................6

*Meyer v. Paradigm Med. Indus.*,
225 F.R.D. 678 (D. Utah 2004) ..........................................................................................11, 12

*Scuderi v. Mammoth Energy Servs., Inc.*,
No. CIV-19-522-SLP, 2019 WL 4397340 (W.D. Okla. Sept. 13, 2019) ..................................6

*Subramanian v. Watford*,
No. 20-CV-02652-CMA-STV, 2021 WL 1697147 (D. Colo. Apr. 29, 2021) ........................13

**Statutes**

15 U.S.C. § 78u–4............................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ................................................... *passim*

**Rules**

Fed. R. Civ. P. 23................................................................................................ *passim*

Fed. R. of Civ. P. 42..............................................................................................................1, 2

## NOTICE OF MOTION AND MOTION

**TO:  ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that George Lamason and Jeremy Linhardt (together, "Lamason and Linhardt"), by and through their counsel, will and do hereby move this Court, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42"), and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u–4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Lamason and Linhardt as Co-Lead Plaintiffs on behalf of a class (the "Class") consisting of all investors who purchased or otherwise acquired SSR Mining Inc. ("SSR Mining" or the "Company") securities between February 23, 2022 and February 27, 2024, inclusive (the "Class Period"); and (3) approving proposed Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[1]  This motion is supported by the memorandum of points and authorities submitted herewith, the Declaration of Jeremy A. Lieberman ("Lieberman Decl."), and all exhibits thereto.

---

[1] On March 18, 2024, the first-filed of the Related Actions (the "*Akhras* Action") was filed in this Court, alleging a class period extending from February 23, 2022 through February 27, 2024, inclusive. *See Akhras* Action, Dkt. No. 1 ("*Akhras* Complaint") ¶ 1.  Then, on March 22, 2024, the second-filed of the Related Actions (the "*Lindemann* Action") was filed in this Court, alleging substantially the same wrongdoing as the *Akhras* Action against overlapping defendants, and alleging a smaller class period extending from June 27, 2022 through February 12, 2024, inclusive. *See Lindemann* Action, Dkt. No. 1 ("*Lindemann* Complaint") ¶ 1.  Therefore, without conceding that this is the appropriate class period, to avoid excluding any potential class members, this motion has adopted the larger class period alleged in the *Akhras* Action.

1

## CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a)

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Lamason and Linhardt state that they were not able to confer with counsel for the opposing movants prior to filing the instant motion. The statutory framework of the PSLRA requires all motions seeking Lead Plaintiff appointment to be filed within 60 days of the publication of the notice of pendency of the action. *See* 15 U.S.C. § 78u–4(a)(3)(A)(i)(II). No such motions were filed meaningfully in advance of Lamason and Linhardt's motion, and it was not possible to confer with counsel for the other movants to determine whether the instant motion would be opposed or to attempt to resolve the issues raised by the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

The complaints in the Related Actions allege that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. SSR Mining investors, including Lamason and Linhardt, incurred significant losses following the disclosures of the alleged fraud, which caused the prices of SSR Mining securities to fall sharply, damaging Lamason and Linhardt and other SSR Mining investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a)(2). Here, the Related Actions are putative class actions alleging violations of the Exchange Act by an overlapping group of defendants arising from substantially the same alleged wrongful misconduct. As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).  During the Class Period, Lamason and Linhardt collectively purchased 1,310,735 shares of SSR Mining stock, expended $18,721,924 on these purchases, retained 163,135 of their shares of SSR Mining stock as of February 13, 2024, when the truth regarding Defendants' alleged fraud began to emerge (*see Akhras* Complaint ¶¶ 59-64; *Lindemann* Complaint ¶¶ 5, 8, 45-47, 54), and, as a result of the disclosures of the fraud, incurred losses of approximately $1,468,963.  *See* Lieberman Decl., Exhibit ("Ex.") 1.  Accordingly, Lamason and Linhardt believe that they have the largest financial interest in the relief sought in the Related Actions.  Beyond their considerable financial interest, Lamason and Linhardt also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Related Actions on behalf of the Class, Lamason and Linhardt have selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Lamason and Linhardt respectfully request that the Court enter an order consolidating the Related Actions, appointing Lamason and Linhardt as Co-Lead Plaintiffs for the Class, and approving their selection of Pomerantz as Lead Counsel for the Class.

**STATEMENT OF FACTS**

SSR Mining purports to be a "precious metals mining company with four producing assets located in the United States, Türkiye ["Turkey"], Canada and Argentina." *Akhras* Complaint ¶ 7. "The Company is engaged in the operation, acquisition, exploration and development of precious metal resource properties, producing gold doré as well as silver and lead and zinc concentrates." *Id.* "SSR Mining's diversified asset portfolio is comprised of high-margin, long-life assets located in some of the world's most prolific metal districts." *Id.*

In pertinent part, this litigation is about the Company's mine (the "Copler Mine") and mining activities in Çöpler ("Copler"), Turkey. *Id.* ¶ 9. The Company states, *inter alia*, that the Copler Mine "contains oxide and sulfide ores which are mined concurrently and processed through its two processing plants using heap leach and pressure oxidation processing, respectively, to produce gold bullion", and that "nearby tenements are positioned on a land package of approximately 25,800 hectares." *Id.*

Throughout the Class Period, Defendants made statements that were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. *See id.* ¶ 58. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Defendants materially overstated SSR Mining's commitment to safety and the efficacy of its safety measures; (2) SSR Mining engaged in unsafe mining practices which were reasonably likely to result in a mining disaster; and (3) as a result, Defendants' statements about the Company's business,

4

operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all times. *Id.*

On February 13, 2024, before the market opened, the Company issued a press release which announced a suspension of operations at the Copler Mine as a result of a large slip on the heap leach pad. *See id.* ¶ 59.

On this news, SSR Mining's stock price fell $5.22 per share, or 53.7%, to close at $4.50 on February 13, 2024. *Id.* ¶ 64.

Then, on February 16, 2024, after market hours, *Reuters* released an article entitled "SSR Mining says eight employees detained after Turkey mine landslide," which stated that the Company indicated that eight of its employees have been detained amid an investigation into the landslide at the Copler Mine and that operations there remain suspended. *See id.* ¶ 65.

On February 17, 2024, *Mining.com* published an article entitled "Turkey cancels SSR gold environmental permits after accident," which stated that "Turkey canceled the environmental licenses of a gold mine operated by a unit of SSR Mining Inc. in eastern Turkey after a landslide this week left nine workers trapped under the rubble." *See id.* ¶ 66.

On February 18, 2024, *Sky News* released an article entitled "Gold mine boss detained as search continues for missing miners trapped after huge landslide in Turkey," which stated that "[t]he boss of a mining company, which runs a gold mine where nine miners are missing after a massive landslide, has been detained by authorities in Turkey." *See id.* ¶¶ 67-68.

That same day, the Company issued a press release providing an update on the incident at the Copler Mine in which it did not contest that criminal charges filed against six Company employees were filed on legitimate grounds. *See id.* ¶ 70.

Following the disclosures on February 18, 2024, SSR Mining's stock price fell $0.29 per share, or 5.90%, to close at $4.62 per share on February 20, 2024, and fell a further $0.11 the following day, or 2.38%, to close at $4.51 on February 21, 2024. *Id.* ¶ 71.

Finally, on February 27, 2024, after market hours, the Company conducted an earnings call to discuss its fourth quarter 2023 results, during which the Executive Chairman of the Company's Board of Directors stated that "[s]ix personnel are being detained and are facing charges in relation to the incident and we're ensuring they receive the necessary support while respecting the Turkish legal process" and did not contest that the charges were filed on legitimate grounds. *See id.* ¶¶ 72-74.

On this news, SSR Mining's stock price fell $0.37 per share, or 7.93%, to close at $4.29 on February 28, 2024. *Id.* ¶ 75.

## ARGUMENT

### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993); *Scuderi v. Mammoth Energy Servs., Inc.*, No. CIV-19-522-SLP, 2019 WL 4397340,

6

at *1–2 (W.D. Okla. Sept. 13, 2019).  Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation.  *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *1–3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law ***and*** fact. The Related Actions are brought against an overlapping group of defendants in connection with violations of the Exchange Act.  Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of SSR Mining's securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged. Consolidation of the Related Actions is therefore appropriate.  *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005).

**B.      LAMASON AND LINHARDT SHOULD BE APPOINTED CO-LEAD PLAINTIFFS**

Lamason and Linhardt should be appointed Co-Lead Plaintiffs because they have timely filed a motion for appointment as Co-Lead Plaintiffs, have the largest financial interest in the Related Actions to their knowledge, and otherwise strongly satisfy the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice.  *See* 15 U.S.C. §

78u–4(a)(3)(A)(i).  Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate.  *See id.* § 78u–4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff.  *Id.* § 78u–4(a)(3)(B)(i).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u–4(a)(3)(B)(iii)(I).

As set forth below, Lamason and Linhardt satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

### 1.    Lamason and Linhardt Are Willing to Serve as Class Representatives

On March 18, 2024, counsel for plaintiff in the *Akhras* Action caused the statutorily required Notice to be published via *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed on behalf of SSR Mining investors, and which advised investors in SSR Mining securities that they had until May 17, 2024—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as Lead Plaintiff.  *See* Lieberman Decl., Ex. 2.

8

Lamason and Linhardt have filed the instant motion pursuant to the Notice, and they have submitted signed Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. 3. Accordingly, Lamason and Linhardt satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

### 2. Lamason and Linhardt Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii). To the best of their knowledge, Lamason and Linhardt have the largest financial interest of any SSR Mining investor or investor group seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, Nos. 97 C 2715 *et al.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered). Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See Darwin v. Taylor*, No. 12-CV-01038-CMA-CBS, 2012 WL 5250400, at *2 (D. Colo. Oct. 23, 2012) ("[C]ourts routinely look to the movant's financial loss as the most significant factor in assessing his financial interest in the action."); *Friedman v. Quest Energy Ptnrs. LP*, 261 F.R.D. 607, 614 (W.D. Okla. 2009) (equating financial interest with loss); *In re NPS Pharm., Inc. Sec. Litig.*, No. 2:06-CV-00570-PGCPMW, 2006 WL 6627948, at *1-2 (D. Utah Nov. 17, 2006) (same).

9

During the Class Period, Lamason and Linhardt collectively: (1) purchased 1,310,735 shares of SSR Mining stock; (2) expended $18,721,924 on their purchases of SSR Mining stock; (3) retained 163,135 of their shares of SSR Mining stock as of February 13, 2024, when the truth regarding Defendants' alleged fraud began to emerge (*see Akhras* Complaint ¶¶ 59-64; *Lindemann* Complaint ¶¶ 5, 8, 45-47, 54); and (4) as a result of the disclosures of the fraud, incurred losses of approximately $1,468,963 in connection with their Class Period transactions in SSR Mining securities. *See* Lieberman Decl., Ex. 1. To the extent that Lamason and Linhardt possess the largest financial interest in the outcome of this litigation, they are the presumptive "most adequate" plaintiffs. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb).

### 3. Lamason and Linhardt Otherwise Satisfy Rule 23's Requirements

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Lane v. Page*, 250 F.R.D. 634, 640 (D.N.M. 2007). Moreover, "only subsection (3)

10

('typicality') and subsection (4) ('adequacy') are relevant to the consideration of motions for appointment as lead plaintiff." *NPS*, 2006 WL 6627948, at \*2 (citing *Meyer v. Paradigm Med. Indus.*, 225 F.R.D. 678, 680 (D. Utah 2004)).

The typicality requirement of Rule 23(a)(3) is satisfied when "the 'injury and the conduct are sufficiently similar.'" *Meyer*, 225 F.R.D. at 680 (quoting *Adamson v. Bowen*, 855 F.2d 668, 767 (10th Cir. 1988)). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295–96 (3d Cir. 2006). In addition, "a difference in the factual situations of class members *per se*, does not defeat typicality under Rule 23(a)(3) . . . as long as the claims of class representatives and other class members are based on the same legal or remedial theory." *Meyer*, 225 F.R.D. at 680.

Lamason and Linhardt's claims are typical of those of the Class. Lamason and Linhardt allege, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning SSR Mining, or by omitting to state material facts necessary to make the statements they did make not misleading. Lamason and Linhardt, like other Class members, purchased SSR Mining securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosures of those misrepresentations and/or omissions that drove SSR Mining's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

11

The adequacy of representation requirement of Rule 23(a)(4) is satisfied "by fulfilling two requirements. First, there must be an absence of potential conflict between the named plaintiffs and other class members. Second, the counsel chosen by the representative party must be 'qualified, experienced and able to vigorously conduct the proposed litigation.'" *Meyer*, 225 F.R.D. at 681 (quoting *In re Ribozyme Pharm. Sec. Litig.*, 192 F.R.D. 656, 659 (D. Colo. 2000)).

Lamason and Linhardt are adequate representatives for the Class. Here, Lamason and Linhardt have each submitted a sworn Certification declaring their respective commitment to protect the interests of the Class. *See* Lieberman Decl., Ex. 3. There is no evidence of antagonism or conflict between Lamason and Linhardt's interests and those of the Class, and Lamason and Linhardt's significant financial interest demonstrates that they have a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. Moreover, Lamason and Linhardt have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submit their choice of Pomerantz to the Court for approval as Lead Counsel pursuant to 15 U.S.C. § 78u–4(a)(3)(B)(v). In addition to Pomerantz, Lamason and Linhardt are also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this litigation.

Lamason and Linhardt also constitute an appropriate movant duo of the type routinely appointed to serve as Co-Lead Plaintiffs. *See, e.g.*, *In re Molycorp, Inc. Sec. Litig.*, No. 12-CV-0292-WJM-KMT, 2012 WL 13013602, at *2 (D. Colo. May 29, 2012) (collecting Tenth Circuit cases and finding "a group of unrelated individuals, who have no pre-existing litigation relationship, may be appointed as Lead Plaintiff in a shareholder class action"); *In re Spectranetics Corp. Sec. Litig.*, No. 08-cv-02048, 2009 WL 1663953, at *6 (D. Colo. June 15,

12

2009) ("certifications and declarations submitted by the members . . . demonstrate that the [group] . . . can and will work together to actively oversee the litigation and to monitor the work of counsel"); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (noting "[t]he PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff" (citation omitted)).

Lamason and Linhardt have further demonstrated their adequacy because they are a small and cohesive movant duo who have submitted a Joint Declaration attesting to, *inter alia*, their respective backgrounds and investing experience, their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class.  *See* Lieberman Decl., Ex. 4.  Courts routinely appoint more than one investor as Co-Lead Plaintiffs under such circumstances.  *See, e.g.*, *Molycorp*, 2012 WL 13013602, at *3 ("find[ing] that [movant group] has successfully demonstrated that it can act in a cohesive manner to protect the interests of the absent class members" based on, *inter alia*, its submission of "a detailed Joint Declaration"); *Subramanian v. Watford*, No. 20-CV-02652-CMA-STV, 2021 WL 1697147, at *3–4 (D. Colo. Apr. 29, 2021) (appointing movant group "contain[ing] only five class members" as lead plaintiff under the PSLRA where "[t]he members of [the group] submitted a Joint Declaration detailing their diversity of background, sophistication, and plans evincing cooperation").

### 4.     Lamason and Linhardt Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Lamason and Linhardt as Co-Lead Plaintiffs may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

13

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

Lamason and Linhardt's ability and desire to fairly and adequately represent the Class has been discussed above.  Lamason and Linhardt are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class.  Accordingly, Lamason and Linhardt should be appointed Co-Lead Plaintiffs for the Class.

**C.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u–4(a)(3)(B)(v).  The Court should interfere with a Lead Plaintiff's selection only when necessary to "protect the interests of the class."  15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)(aa); *Lane*, 250 F.R.D. at 647 ("[T]he PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Cendant*, 264 F.3d at 276)).

Here, Lamason and Linhardt have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith.  *See* Lieberman Decl., Ex. 5.  In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, U.K., and Tel Aviv, Israel. *See id.*  For over 85 years, Pomerantz has represented defrauded investors.  *See id.*  As lead

14

counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in Petrobras securities, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *Id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al.*, No. 3:20-cv-00075 (E.D. Va.), in March 2022. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in these Related Actions, Lamason and Linhardt's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute these Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving Lamason and Linhardt's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Lamason and Linhardt respectfully request that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Lamason and Linhardt as Co-Lead Plaintiffs for the Class; and (3) approving Lamason and Linhardt's selection of Pomerantz as Lead Counsel for the Class.

Dated: May 17, 2024       Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman

15

J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for George Lamason and Jeremy Linhardt
and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for George Lamason and
Jeremy Linhardt*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of May, 2024, a true and correct copy of the foregoing **NOTICE OF MOTION AND MOTION OF GEORGE LAMASON AND JEREMY LINHARDT FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** was e-filed with the Clerk of Court via the CM/ECF System which will send notification of such filing to all counsel of record.

17